■ In the Matter of FRANK MACKSEL, Petitioner, v RIVERHEAD CENTRAL SCHOOL DISTRICT, Respondent. [769 NYS2d 585]—

Proceeding pursuant to CPLR article 78 to review a determination of the Riverhead Central School District dated January 8, 2002, which, after a hearing, found that the petitioner committed misconduct pursuant to Civil Service Law § 75 and terminated his employment as a bus driver.

Adjudged that the petition is granted, on the law, with costs, and the determination is annulled.

Hostile work environment sexual harassment exists when "the workplace is permeated with 'discriminatory intimidation, ridicule and insult' that is sufficiently severe or pervasive to alter the terms or conditions of employment" (Vitale v Rosina Food Prods., 283 AD2d 141, 143 [2001], quoting Harris v Forklift Sys., 510 US 17, 21 [1993]; see Espaillat v Breli Originals, 227 AD2d 266 [1996]). Whether a workplace may be

viewed as hostile or abusive can be determined only by considering the totality of the circumstances (*see Harris v Forklift Sys., supra; Matter of Father Belle Community Ctr. v New York State Div. of Human Rights,* 221 AD2d 44 [1996]). "[I]solated remarks or occasional episodes of harassment will not support a finding of a hostile or abusive work environment" (*Matter of Father Belle Community Ctr. v New York State Div. of Human Rights, supra* at 51).

Here, the petitioner's conduct was not so pervasive as to permeate the workplace and alter the conditions of employment for the two female complainants. Although both complainants testified that they were afraid of and felt uncomfortable around the petitioner, there was no evidence presented that his conduct interfered with their work performance. To the contrary, the complainants did not miss work after the subject incidents occurred, and continued to interact voluntarily with the petitioner.

Moreover, both women failed to communicate the unwelcomeness of the conduct by words or action (*see Meritor Sav. Bank, FSB v Vinson,* 477 US 57 [1986]; *Matter of Bartle v Mercado,* 235 AD2d 651 [1997]). Accordingly, the respondent's determination was not supported by substantial evidence (*see Matter of Purdy v Kreisberg,* 47 NY2d 354, 358 [1979]).

In view of our determination, it is unnecessary to reach the issue of whether the penalty imposed was so disproportionate to the charges so as to be shocking to one's sense of fairness. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.