■ GINA WILLIAMS, Appellant, v CITY OF NEW YORK et al., Respondents. [831 NYS2d 156]—Order, Supreme Court, New York County (Paul G. Feinman, J.), entered March 22, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleged that denial of her appointment as a correction officer was, inter alia, in retaliation for her filing a sexual harassment claim against her employer, the New York City Housing Authority. She failed to establish a prima facie claim of retaliation, as there was no evidence of a causal connection between the filing of the harassment claim in 1998 and the denial of her appointment as a correction officer in June 2000 (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]). Fatal to the complaint is that plaintiff was ultimately approved for appointment on condition that she take a psychological examination, for which she did not appear. Even were it determined that there was a prima facie case of retaliation, plaintiff failed to show that the legitimate, nondiscriminatory reasons articulated by defendants for their actions were merely a pretext (*Pace v Ogden Servs. Corp.*, 257 AD2d 101, 105 [1999]). Concur—Tom, J.P., Sullivan, Williams, Buckley and Kavanagh, JJ.

■ LINDA ROLLIESON et al., Plaintiffs, and I.T., Appellant, v HOLLYWOOD ENTERTAINMENT CORPORATION, Doing Business as HOLLYWOOD VIDEO SUPERSTORES, et al., Respondents. [830 NYS2d 512]—Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 19, 2006, which granted defendants' motions to dismiss plaintiff I.T.'s claims, unanimously affirmed, without costs.

I.T.'s willful and contumacious conduct in obstructing and delaying the progress of disclosure may be inferred from her failure to appear for court-ordered depositions on four separate occasions (*see Kihl v Pfeffer*, 94 NY2d 118 [1999]). Under the circumstances, the court did not improvidently exercise its discretion after I.T. failed to appear for a deposition on the agreed-upon date, pursuant to a "so ordered" stipulation that had indicated dismissal as the consequence of such failure (*see Woolard v Suffolk County Water Auth.*, 16 AD3d 582 [2005]). Concur—Tom, J.P., Sullivan, Williams, Buckley and Kavanagh, JJ.