■ GERMAN DELRIO, Appellant, v CITY OF NEW YORK et al., Respondents. [938 NYS2d 149]—

The plaintiff was a paramedic assigned to the Emergency Medical Services division of the New York City Fire Department (hereinafter FDNY). On or about June 30, 2004, the plaintiff filed a complaint with the New York State Division of Human

Rights (hereinafter the SDHR) alleging that the FDNY engaged in an unlawful discriminatory practice relating to employment, in violation of the New York State Human Rights Law, because of his sex. After an investigation, by order dated October 23, 2006, the SDHR determined that there was no probable cause to believe that the FDNY had engaged in the unlawful discriminatory practice complained of, and the complaint was dismissed. The plaintiff thereafter requested review by the United States Equal Employment Opportunity Commission, which ultimately decided to adopt the findings of the SDHR. The plaintiff then commenced this action against the City of New York and four FDNY Officers (hereinafter collectively the defendants), seeking, inter alia, to recover damages for unlawful retaliation in violation of Administrative Code of the City of New York § 8-107. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals, and we reverse.

To make out an unlawful retaliation claim, a plaintiff must show that "(1) [he or] she has engaged in protected activity, (2) [his or] her employer was aware that [he or] she participated in such activity, (3) [he or] she suffered an adverse employment action based upon [his or] her activity, and (4) there is a causal connection between the protected activity and the adverse action" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]; *see Bendeck v NYU Hosps. Ctr.*, 77 AD3d 552, 553 [2010]; *see also Reed v A.W. Lawrence & Co., Inc.*, 95 F3d 1170, 1178 [1996]). "Once plaintiff has met this initial burden, the burden then shifts to defendants to present legitimate, independent and nondiscriminatory reasons to support their actions. Then, if defendants meet this burden, plaintiff has the obligation to show that the reasons put forth by defendants were merely a pretext" (*Pace v Ogden Servs. Corp.*, 257 AD2d 101, 104 [1999]; *see Jute v Hamilton Sundstrand Corp.*, 420 F3d 166, 173 [2005]).

To establish its entitlement to summary judgment in a retaliation case, a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295 [2004]; *see also Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]; *Williams v City of New York*, 38 AD3d 238 [2007]; *Thide v New York State Dept. of Transp.*, 27 AD3d 452, 454 [2006]; *Hemingway v Pelham Country Club*, 14 AD3d 536 [2005]; *Romney v New York City Tr. Auth.*, 8 AD3d 254, 254-255 [2004]).

Here, the defendants established their entitlement to judgment as a matter of law by presenting nonretaliatory business reasons for the challenged actions. However, in opposition to this showing, the plaintiff raised triable issues of fact as to whether the defendants' reasons were pretextual. In particular, the plaintiff submitted an affirmation from his immediate supervisor wherein she stated that a reassignment of the plaintiff violated FDNY internal procedure as well as known past practice. In addition, the record shows a strong temporal correlation between the plaintiff's protected activity, i.e., his involvement in the SDHR administrative complaint process, and the defendants' allegedly retaliatory actions (*see Quinn v Green Tree Credit Corp.*, 159 F3d 759, 770 [1998]). Accordingly, inasmuch as the plaintiff proffered sufficient evidence to raise a triable issue of fact as to whether the reasons put forth by the defendants were merely pretextual, the defendants were not entitled to summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.