■ KRISTEN MCREDMOND et al., Respondents, v SUTTON PLACE RESTAURANT AND BAR, INC., et al., Appellants. [945 NYS2d 35]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 19, 2011, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing

plaintiff McRedmond's hostile work environment claim and Mc-Redmond's and plaintiff Lipton's retaliatory termination claims under the New York State Human Rights Law (State HRL) and New York City Human Rights Law (City HRL), McRedmond's false imprisonment claim and both plaintiffs' battery claims, unanimously affirmed, with costs.

Plaintiff McRedmond testified that over a two-year period she was constantly subjected to vulgar sexual comments, comments about her weight and appearance, and inappropriate touching of her buttocks and breasts by defendant Neil "Doe" (Hanafy). She testified that Hanafy repeatedly asked her how much she weighed and that on one occasion he attempted to weigh her by forcibly lifting her onto a scale. McRedmond testified that these kinds of comments and physical contact were directed at female employees only, and that she complained about them to Hanafy directly as well as to defendant Selena Steddinger, her supervisor, many times. McRedmond's testimony was corroborated by that of coworkers who witnessed or were themselves subjected to similar behavior by Hanafy.

Viewing the evidence in the light most favorable to Mc-Redmond (*see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]), a reasonable person could find both that Mc-Redmond subjectively perceived Hanafy's conduct as abusive and that Hanafy's conduct created an objectively hostile or abusive environment, and thus that the State HRL was violated (*see Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]; *Forrest*, 3 NY3d at 305 n 3). Hanafy's denial that he engaged in any of the alleged conduct and the other individual defendants' denial of any knowledge of such conduct raises genuine credibility issues that the court may not decide on a motion for summary judgment (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]).

Defendants argue that McRedmond failed to show that Hanafy's conduct interfered with her work performance (*see Forrest*, 3 NY3d at 311). They point out that she continued working at defendant Sutton Place Restaurant and Bar, did not become physically ill, and did not have panic attacks or seek psychiatric help. However, a plaintiff need not demonstrate that she sustained a psychological injury to prove a hostile environment claim (*Harris*, 510 US at 21-22). Nor must she resign her job or demonstrate that she became physically ill. A hostile work environment is measured by the totality of the circumstances, of which no single one is determinative (*see id.* at 23).

As the City HRL provides broader protection than the State HRL (*Williams v New York City Hous. Auth.*, 61 AD3d 62, 74

[2009], *lv denied* 13 NY3d 702 [2009]), and McRedmond has raised issues of fact as to her claim of a hostile work environment under the State HRL, a fortiori, she has raised issues of fact as to the hostile work environment claim under the City HRL.

Contrary to defendants' contention, the individual defendants can be held liable under the State HRL for Hanafy's discriminatory conduct. Hanafy is the alleged perpetrator of the conduct (*see Feingold v New York*, 366 F3d 138, 158 [2nd Cir 2004]). Defendant Richard Kassis is the owner of Sutton Place, and there is record evidence raising issues of fact whether he condoned or aided and abetted Hanafy's conduct (*Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]). Defendant Alan Bradbury, the general manager of Sutton Place, too can be held liable as an employer if, as the record suggests, he had the authority to do more than carry out personnel decisions and he aided and abetted or participated in the conduct (*see id.*; *Patrowich v Chemical Bank*, 63 NY2d 541, 542 [1984]). As to Steddinger, plaintiffs' supervisor, there is evidence raising issues of fact whether she failed to investigate or take appropriate measures after receiving McRedmond's complaints about Hanafy's alleged conduct (*see Lewis v Triborough Bridge & Tunnel Auth.*, 77 F Supp 2d 376, 384 [SD NY 1999]).

Contrary to defendants' contention, Steddinger's receipt of McRedmond's complaints is sufficient to impute knowledge to Sutton Place although Steddinger was not "upper-level management." McRedmond testified that Steddinger told her to submit any complaints to her, rather than to Kassis. She was not required, "in order to preserve [her] rights, [to] go from manager to manager until [she found] someone who [would] address [her] complaints" (*Gorzynski v JetBlue Airways Corp.*, 596 F3d 93, 104-105 [2nd Cir 2010]). Moreover, since Hanafy was also one of McRedmond's supervisors and the alleged perpetrator, McRedmond's employer can be held liable based on the nexus between Hanafy's supervisory authority and his discriminatory conduct (*see Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 52-53 [1996], *lv denied* 89 NY2d 809 [1997]).

For the same reasons, each of the individual defendants may also be held liable under the City HRL. Moreover, the City HRL imposes strict liability on employers for the acts of managers and supervisors, including where, as here, the "offending employee 'exercised managerial or supervisory responsibility' " (*Zakrzewska v New School*, 14 NY3d 469, 479-480 [2010], quoting Administrative Code of City of NY § 8-107 [13] [1]).

Both plaintiffs made a prima facie case of retaliation by testifying that they were terminated from their employment shortly after complaining about an incident in which all the female employees were forcibly weighed (*see McDonnell Douglas Corp. v Green*, 411 US 792, 802-804 [1973]). Defendants articulated a nondiscriminatory reason for the terminations, i.e., that plaintiffs had violated various company policies, inter alia, arriving to work late, being rude to customers, and eating without permission during a shift. They also submitted disciplinary forms that they said they maintained to document each plaintiff's policy violations. However, plaintiffs testified that they never violated any company policies and that they were never reprimanded or disciplined for any policy violations; a coworker also testified that McRedmond was never reprimanded. Moreover, defendants admitted that plaintiffs had never seen or heard of the disciplinary forms they submitted, which raises a suspicion as to the legitimacy and authenticity of the forms. Thus, an issue of fact exists whether defendants' proffered nondiscriminatory reasons were pretextual, and plaintiffs' retaliation claims under the State HRL may proceed (*see McDonnell Douglas*, 411 US at 804). Plaintiffs' claims may also proceed under the City HRL, which requires only that a plaintiff show that "at least one of the reasons proffered by [the] defendant is false, misleading, or incomplete" (*see Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 45 [2011]).

As to McRedmond's false imprisonment claim, the record presents issues of fact whether Hanafy intended to confine McRedmond in the office on the day he tried to weigh her and whether McRedmond consented to her confinement (*see Arrington v Liz Claiborne, Inc.*, 260 AD2d 267 [1999]). Defendants argue that she was free to leave the office at all times, and she eventually did leave. However, a jury could reasonably find that she was confined when, after closing the door, Hanafy yelled at her to get on the scale, and then picked her up bodily.

As to plaintiffs' battery claims, an issue of fact exists whether Hanafy touched plaintiffs without their consent in an offensive manner (*see Sola v Swan*, 18 AD3d 363 [2005]). Contrary to defendants' contention, an intent to do harm is not an element of a battery cause of action (*Jeffreys v Griffin*, 1 NY3d 34, 41 n 2 [2003]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 31189(U).]**