■ Denise Overbeck, Appellant, v Alpha Animal Health, P.C., Doing Business as Bay St. Animal Hospital, et al., Respondents. [2 NYS3d 541]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of sex in violation of Executive Law § 296 (1) (a) and the Administrative Code of the City of New York § 8-107, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated July 25, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff, a veterinary technician formerly employed by Alpha Animal Health, P.C., doing business as Bay St. Animal Hospital, and Riverhead Animal Hospital (hereinafter together the hospital defendants), commenced this action against the hospital defendants and Robert B. Cohen, inter alia, to recover damages for employment discrimination on the basis of sex in violation of Executive Law § 296 (1) (a) and Administrative Code of the City of New York § 8-107 (1) (a), and unlawful retaliation in violation of Executive Law § 296 (1) (e) and (7) and Administrative Code of the City of New York § 8-107 (7). She alleged, among other things, that Cohen, who owned and managed the hospital defendants, used his position of power to engage her in humiliating, bizarre, and intolerable forms of sexual discrimination, which included sexual intercourse and perverted behavior, jokes, and contact. According to the plaintiff, when she eventually rebuffed the sexual advances, her employment was immediately terminated.

After issue was joined and depositions were conducted, the defendants moved for summary judgment dismissing the complaint. Relying on the deposition testimony, an affidavit from another employee of the hospital defendants, and transcripts of numerous text-message and instant-message communications between the plaintiff and Cohen, the defendants argued that the relationship between the plaintiff and Cohen was welcomed and consensual, that it had no impact on employment decisions, and that the plaintiff's employment was ended

because the plaintiff allegedly advised Cohen's wife of the extramarital affair and Cohen's wife "demanded" that he terminate the plaintiff's employment. The Supreme Court granted the defendants' motion, concluding that their evidence established, prima facie, a legitimate nondiscriminatory reason for terminating the plaintiff's employment. The Supreme Court further concluded that the plaintiff, in opposition to this showing, failed to raise a triable issue of fact. Specifically, the Supreme Court rejected the plaintiff's contention that the sexual conduct was unwelcome and that Cohen used his position to intimidate her into the relationship. The plaintiff appeals.

The New York State Human Rights Law (Executive Law § 296 *et seq.*) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107) both make it an unlawful discriminatory practice for an employer to refuse to hire, to discharge, or to discriminate in compensation or in terms, conditions, or privileges of employment because of the sex of any individual (Executive Law § 296 [1] [a]; Administrative Code of City of NY § 8-107 [1] [a]). Moreover, under both the State and City Human Rights Laws, it is unlawful to retaliate against an employee for opposing discriminatory practices (*see* Executive Law § 296 [1] [e]; [7]; Administrative Code of City of NY § 8-107 [7]).

To establish its prima facie entitlement to judgment as a matter of law in a retaliation case commenced pursuant to either the New York State or New York City Human Rights Law, "a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (*Delrio v City of New York*, 91 AD3d 900, 901 [2012]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]). To prevail on a motion for summary judgment dismissing a cause of action alleging discrimination in violation of the New York State Human Rights Law, a defendant must demonstrate "either plaintiff's failure to establish every element of intentional discrimination, or, having offered legitimate, nondiscriminatory reasons for [the] challenged actions, the absence of a material issue of fact as to whether [its] explanations were pretextual" (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 305; *see Morse v Cowtan & Tout, Inc.*, 41 AD3d 563 [2007]). With respect to a cause of action alleging discrimination in violation of the New York City Human Rights Law, where a defendant moves for summary judgment and has " 'put forward evidence of one or more nondiscriminatory

motivations for [its] actions,' a court . . . 'should turn to the question of whether the defendant[ ] [has] sufficiently met [its] burden, as the moving [party], of showing that, based on the evidence before the court and drawing all reasonable inferences' in the plaintiff's favor, no jury could find the defendants liable under any evidentiary route" (*Furfero v St. John's Univ.*, 94 AD3d 695, 697 [2012], quoting *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 45 [2011]).

Applying these standards here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging discrimination under either the New York State or New York City Human Rights Law. The Supreme Court's determination to direct the dismissal of the complaint hinged on its finding that the relationship between the plaintiff and Cohen was of a consensual nature, and that the plaintiff's employment was terminated because Cohen was attempting to reconcile with his wife. However, the evidence submitted by the defendants, which included a transcript of the plaintiff's deposition testimony, failed to eliminate all triable issues as to whether Cohen used his position to intimidate her into the relationship and as to whether the sexual conduct on his part was, in fact, "unwelcome." In this regard, the plaintiff, at her deposition, consistently testified that the sexual relations were not welcome, that she felt as though she had no other choice but to participate, and that when she complained to Cohen, he made it very clear that there would be repercussions if she did not participate. In considering this testimony, we recognize that the question of whether particular conduct was "unwelcome" presents "difficult problems of proof and turns largely on credibility determinations committed to the trier of fact" (*Meritor Savings Bank, FSB v Vinson*, 477 US 57, 68 [1986]). The Supreme Court appears to have focused on the voluntariness of the plaintiff's participation in the claimed sexual episodes. However, "the fact that sex-related conduct was 'voluntary,' in the sense that the [plaintiff] was not forced to participate against her will, is not a defense," and the "correct inquiry is whether [the plaintiff] by her conduct indicated that the alleged sexual advances were unwelcome" (*id.* at 68).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Dillon, J.P., Leventhal, Hall and LaSalle, JJ., concur.