■ LORIANNE LA MARCA-PAGANO, Appellant, v DR. STEVEN PHILLIPS, P.C., Respondent. [12 NYS3d 192]—

In an action to recover damages for employment discrimination on the basis of sex and unlawful retaliation in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated January 18, 2013, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging unlawful retaliation in violation of Executive Law § 296, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action against her former employer, a dental practice, alleging violations of the New York State Human Rights Law. The plaintiff, who was employed as a receptionist, asserted that the defendant unlawfully discriminated against her in relation to her employment on the basis of sex by subjecting her to a hostile work environment. The plaintiff also asserted a cause of action alleging unlawful retaliation in violation of Executive Law § 296. In this regard, the plaintiff alleged that her employment was terminated one day after the defendant received a legal demand letter from her attorney protesting the discriminatory conduct that allegedly occurred at the defendant's office.

In response to a motion made by the plaintiff concerning discovery, the defendant cross-moved, among other things, for summary judgment dismissing the complaint. In an order dated January 18, 2013, the Supreme Court granted that branch of the defendant's cross motion. The plaintiff appeals, and we modify the order insofar as appealed from.

A hostile work environment exists where the workplace is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (*Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993] [internal quotation marks omitted]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004]; *Chiara v Town of New Castle*, 126 AD3d 111 [2015]). Various factors, such as frequency and severity of the discrimination, whether the allegedly discriminatory actions were threatening or humiliating or a "mere offensive utterance," and whether the

alleged actions "unreasonably interfere[ ] with an employee's work" are to be considered in determining whether a hostile work environment exists (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 310-311; *see Chiara v Town of New Castle*, 126 AD3d 111 [2015]). The allegedly abusive conduct must not only have altered the conditions of employment of the employee, who subjectively viewed the actions as abusive, but the actions must have created an "objectively hostile or abusive environment—one that a reasonable person would find to be so" (*Forrest v Jewish Guild for the Blind*, 3 NY3d at 311; *see Chiara v Town of New Castle*, 126 AD3d 111 [2015]).

Here, the defendant established, prima facie, its entitlement to judgment as a matter of law dismissing the cause of action alleging a hostile work environment. The defendant demonstrated that the allegedly discriminatory remarks and conduct attributed to the defendant were isolated incidents that were not so severe or pervasive as to permeate the workplace and alter the conditions of the plaintiff's employment (*see Forrest v Jewish Guild for the Blind*, 3 NY3d at 311; *Chiara v Town of New Castle*, 126 AD3d 111 [2015]; *Thompson v Lamprecht Transp.*, 39 AD3d 846, 847-848 [2007]; *Matter of Macksel v Riverhead Cent. School Dist.*, 2 AD3d 731, 731-732 [2003]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 51 [1996]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Lambert v Macy's E., Inc.*, 84 AD3d 744, 745-746 [2011]). Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was to dismiss the cause of action alleging a hostile work environment.

However, the defendant failed to establish, prima facie, its entitlement to judgment as a matter of law with respect to the cause of action alleging unlawful retaliation in violation of Executive Law § 296. Under the New York State Human Rights Law, it is unlawful to retaliate against an employee for opposing discriminatory practices (*see* Executive Law § 296 [7]; *Forrest v Jewish Guild for the Blind*, 3 NY3d at 312-313). In order to make out a cause of action for retaliation, "[a] plaintiff must show that (1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action" (*Forrest v Jewish Guild for the Blind,* 3 NY3d at 312-313). "To establish its entitlement to summary judgment in a retaliation case, a defendant must demonstrate that the plaintiff cannot make out a

prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (*Delrio v City of New York*, 91 AD3d 900, 901 [2012]; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305).

Here, the defendant failed to establish, prima facie, that the plaintiff cannot establish that there is a causal connection between the protected activity and the adverse employment action. The defendant's evidentiary submissions substantiated the plaintiff's allegation that she was terminated one day after the defendant received a legal demand letter from her attorney protesting the discriminatory conduct that allegedly occurred at the defendant's office. The close temporal proximity between the plaintiff's protected activity and the adverse employment action is sufficient to demonstrate the necessary causal nexus (*see Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 AD3d 18, 25 [2014]; *Calhoun v County of Herkimer*, 114 AD3d 1304, 1307 [2014]; *Noho Star Inc. v New York State Div. of Human Rights*, 72 AD3d 448, 449 [2010]; *see also Gorman-Bakos v Cornell Co-op Extension of Schenectady County*, 252 F3d 545, 554-555 [2d Cir 2001]; *Johnson v Palma*, 931 F2d 203, 208 [2d Cir 1991]; *DeCintio v Westchester County Med. Ctr.*, 821 F2d 111, 115 [2d Cir 1987]).

The defendant also submitted evidence to demonstrate that the plaintiff was terminated for legitimate, nonretaliatory reasons. In this regard, the defendant submitted evidence demonstrating that the plaintiff was terminated after she failed to report to work as required on September 14, 2010, and after a history of inappropriate workplace behavior. Such behavior included, among other things, inappropriate and insubordinate conduct toward her supervisors, excessive cigarette breaks, manipulation of the office timecard system, rude and inappropriate interactions with patients, improperly calling in sick when she had a hangover from excessive drinking, inappropriate workplace clothing which resulted in her being told to wear a lab coat over her clothing, and improper use of her supervisor's personal email account and the company payroll ledger without authorization.

However, the defendant's submissions failed to establish that "there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (*Delrio v City of New York*, 91 AD3d at 901; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305). Although the defendant cited the plaintiff's failure to show up to work on September 14, 2010, as the final act

that precipitated the termination of her employment, this act was not mentioned in a memorandum that was prepared by the defendant to document the reasons for the plaintiff's discharge. Furthermore, the defendant submitted the plaintiff's deposition testimony in support of its motion, wherein the plaintiff disputed the assertion that she had simply failed to show up to work for a scheduled shift. The plaintiff testified that she sent the office manager "a text message" explaining that she could not come to work that day because she was ill. In addition, the plaintiff disputed the other grounds for her termination, testifying that the proffered reasons had no basis in fact. Specifically, the plaintiff testified that she did not call in sick because she was hung over, that her job performance was never called into question, that she was never reprimanded for unprofessional behavior, that she was not disrespectful to her supervisor and did not refuse to call him "doctor," that she did not dress inappropriately or provocatively, that she did not take excessive cigarette breaks, and that she did not manipulate the office timecard system or improperly clock in early before beginning her shift. In addition, the plaintiff testified that she was not unprofessional with patients, that she did not flirt with patients, that she did not look through the payroll ledger, and that she did not improperly access her supervisor's email account. This evidence tended to show that the legitimate, nonretaliatory reasons given for the plaintiff's termination were "false" and, therefore, pretextual (*Browne v Board of Educ.*, 122 AD3d 563, 564 [2014]; *see Ji Sun Jennifer Kim v Goldberg, Weprin, Finkel, Goldstein, LLP*, 120 AD3d at 25; *Calhoun v County of Herkimer*, 114 AD3d at 1307; *Noho Star Inc. v New York State Div. of Human Rights*, 72 AD3d at 449; *see DeCintio v Westchester County Med. Ctr.*, 821 F2d at 115).

Given the temporal proximity between the plaintiff's protected activity and her termination, and the conflicting evidence with respect to whether the proffered nonretaliatory reasons for the plaintiff's termination were pretextual, the defendant failed to sustain its initial burden of demonstrating "that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (*Delrio v City of New York*, 91 AD3d at 901; *see Forrest v Jewish Guild for the Blind*, 3 NY3d at 305). Since the defendant failed to satisfy its initial burden with respect to that branch of its cross motion which was for summary judgment dismissing the cause of action alleging unlawful retaliation, the burden never shifted to the plaintiff (*see Winegrad v New York Univ.*

*Med. Ctr.*, 64 NY2d 851 [1985]). Accordingly, the Supreme Court should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action alleging unlawful retaliation in violation of Executive Law § 296. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.