■ CONSTANCE KAPLAN, Appellant, v NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE et al., Respondents. [38 NYS3d 563]—

In an action, inter alia, to recover damages for sexual harassment and retaliatory discharge pursuant to Executive Law § 296 and Administrative Code of City of NY § 8-107, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated April 17, 2014, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) and (8) to dismiss the causes of action alleging sexual harassment and retaliatory discharge pursuant to Administrative Code of City of NY § 8-107, and retaliatory discharge pursuant to Executive Law § 296.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) and (8) to dismiss the causes of action alleging sexual harassment and retaliatory discharge pursuant to Administrative Code of City of NY § 8-107, and retaliatory discharge pursuant to Executive Law § 296, are denied.

The plaintiff was employed by the defendant New York City Department of Health and Mental Hygiene (hereinafter NYCHMH) as a temporary worker. She alleged in her complaint that during a training session with another female employee, at which her supervisor was present, her supervisor rubbed his hand back and forth over his groin and inner thigh while making "grunting noises of a sexual nature." The plaintiff alleged

that this conduct constituted sexual harassment in violation of both the New York State Human Rights Law (*see* Executive Law § 296; hereinafter the NYSHRL) and the New York City Human Rights Law (*see* Administrative Code of City of NY § 8-107; hereinafter the NYCHRL). She further alleged that after she notified NYCHMH of her intent to sue to assert her rights under applicable law, her employment was terminated in retaliation.

The Supreme Court erred in granting those branches of the defendants' motion which were to dismiss the cause of action alleging sexual harassment pursuant to the NYCHRL for failing to state a cause of action (*see* CPLR 3211 [a] [7]). Affording the complaint a liberal construction and accepting all facts as alleged in the complaint to be true, and according the plaintiff the benefit of every favorable inference (*see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]), the plaintiff stated a cause of action alleging sexual harassment pursuant to the NYCHRL. The court erred in determining that the subject cause of action must be dismissed because the plaintiff failed to show that the behavior of her supervisor constituted more than a petty slight or trivial inconvenience. The plaintiff does not have this burden. Rather, a contention that the behavior was a petty slight or trivial inconvenience constitutes an affirmative defense (*see Williams v New York City Hous. Auth.*, 61 AD3d 62, 80 [2009]), which should be raised in the defendants' answer, and does not lend itself to a pre-answer motion to dismiss (*see Wilcox v Newark Val. Cent. School Dist.*, 74 AD3d 1558, 1562 [2010]). A motion to dismiss merely addresses the adequacy of the pleading, and does not reach the substantive merits of a party's cause of action. "Therefore, whether the pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss" (*Lieberman v Green*, 139 AD3d 815, 816 [2016]; *see Tooma v Grossbarth*, 121 AD3d 1093, 1095-1096 [2014]; *Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587, 589 [2014]).

The Supreme Court also erred in dismissing the plaintiff's causes of action alleging retaliation pursuant to the NYSHRL (*see* Executive Law § 296 [7]) and the NYCHRL (*see* Administrative Code § 8-107 [7]). The plaintiff alleged in the complaint that her employment was terminated approximately two weeks after she informed NYCHMH of her claims and advised it of her intent to sue. Viewed in the light most favorable to the

plaintiff, these allegations state a cause of action alleging retaliation pursuant to the NYSHRL, and they also state a cause of action pursuant to the NYCHRL, which is more liberal that its state counterpart (*see Brightman v Prison Health Servs., Inc.*, 62 AD3d 472 [2009]).

The defendants submitted several emails in support of their motion, which they claimed established that the plaintiff was not discharged from her employment. "When evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (*Wells Fargo Bank N.A. v E & G Dev. Corp.*, 138 AD3d 986, 986-987 [2016]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *J. Petrocelli Contr., Inc. v Morganti Group, Inc.*, 137 AD3d 1082 [2016]; *Sokol v Leader*, 74 AD3d at 1181-1182). Here, the emails submitted by the defendants do not establish that the plaintiff's allegation that she was discharged from her employment is not a fact at all. Furthermore, the Supreme Court erred in determining that emails from the plaintiff and her temporary employment agency constituted party admissions and were admissible under an exception to the hearsay rule. Those emails were not inconsistent with the plaintiff's position that she was terminated from her employment (*see* Prince, Richardson on Evidence § 8-201).

Finally, the defendants concede in their brief on appeal that, during the pendency of the motion to dismiss, the plaintiff cured a defect in the service of the complaint on her supervisor, and therefore the Supreme Court had personal jurisdiction over him. Rivera, J.P., Balkin, Hinds-Radix and Barros, JJ., concur.