■ EFSTATHIA ANANIADIS et al., Appellants, v MEDITERRANEAN GYROS PRODUCTS, INC., et al., Defendants, and SOFIA MAROULIS et al., Respondents. [54 NYS3d 155]—

In an action, inter alia, to recover damages for employment discrimination on the basis of sex and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered April 20, 2015, as granted those branches of the renewed motion of the defendants Sofia Maroulis, Ioannis Mavridopoulos, and Amalia Malamis which were for summary judgment dismissing the fourth and sixth causes of action of the plaintiff Mirela Peraica insofar as asserted against the defendant Amalia Malamis, the fourth and sixth causes of action of the plaintiff Gul Karan insofar as asserted against the defendant Ioannis Mavridopoulos, and the fifth and seventh causes of action of the plaintiff Gul Karan.

Ordered that the appeal by the plaintiffs Efstathia Ananiadis and Christina Kouimanis is dismissed, as they are not aggrieved by the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiffs Mirela Peraica and Gul Karan, on the law, and those branches of the renewed motion of the defendants Sofia Maroulis, Ioannis Mavridopoulos, and Amalia Malamis which were for summary judgment dismissing the fourth and sixth causes of action of the plaintiff Mirela Peraica insofar as asserted against the defendant Amalia Malamis, the fourth and sixth causes of action of the plaintiff Gul Karan insofar as asserted against the defendant Ioannis Mavridopoulos, and the fifth and seventh causes of action of the plaintiff Gul Karan are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs Mirela Peraica and Gul Karan, payable by the defendants Sofia Maroulis, Ioannis Mavridopoulos, and Amalia Malamis.

The plaintiffs, former employees of the defendant Mediterranean Gyros Products, Inc. (hereinafter Mediterranean), commenced this action against Mediterranean, the president and vice president of Mediterranean, and two former supervisors at Mediterranean, inter alia, to recover damages for employment discrimination on the basis of sex and unlawful retaliation in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107. The plaintiffs alleged that they were each sexually harassed by the defendant Vasilios S. Memmos, the president and a shareholder of Mediterranean. The plaintiffs Mirela Peraica and Gul Karan alleged that they informed their respective supervisors, the defendants Amalia Malamis and Ioannis Mavridopoulos, of the conduct, but that Malamis and Mavridopoulos failed to take appropriate measures to protect them from further harassment. Karan further alleged that she experienced adverse impacts to her employment in retaliation for rebuffing Memmos's advances, and that she was terminated in retaliation for joining the instant action and filing a criminal complaint against him.

Following the completion of the parties' depositions, Mavridopoulos, Malamis, and the defendant Sofia Maroulis, the vice president of Mediterranean (hereinafter collectively the defendants), moved for summary judgment, in effect, dismissing the amended complaint insofar as asserted against them. The Supreme Court denied the motion with leave to renew due to the defendants' failure to submit all of the pleadings in accordance with CPLR 3212 (b). The moving defendants subsequently renewed their motion. The plaintiffs opposed only those branches of the renewed motion which sought summary judgment dismissing (1) Peraica's fourth and sixth causes of action insofar as asserted against Malamis, alleging that Malamis

aided and abetted Memmos's sexual harassment of Peraica, (2) Karan's fourth and sixth causes of action insofar as asserted against Mavridopoulos, alleging that Mavridopoulos aided and abetted Memmos's sexual harassment of Karan, and (3) Karan's fifth and seventh causes of action, alleging that Mavridopoulos unlawfully retaliated against her and aided and abetted retaliation against her after she rebufffed Memmos's advances, commenced this action, and filed a criminal complaint against him. The court granted the renewed motion.

Pursuant to the New York State Human Rights Law (Executive Law art 15; hereinafter NYSHRL) and the New York City Human Rights Law (Administrative Code of City of NY § 8-101 *et seq.* [hereinafter NYCHRL]), it is an "unlawful discriminatory practice" for an employer, "because of an individual's . . . sex . . . , to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment". (Executive Law § 296 [1] [a]; *see* Administrative Code § 8-107 [1] [a]). "[W]hen a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor discriminate[s] on the basis of sex" (*Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 50 [1996] [internal quotation marks omitted]). The NYSHRL and the NYCHRL each prohibit retaliation against any employee for exercising his or her rights under the law, such as commencing any proceeding alleging a violation thereof (*see* Executive Law § 296 [1] [e]; [7]; Administrative Code § 8-107 [7]).

An employee who did not participate in the primary violation itself, but who aided and abetted that conduct, may be individually liable based on those actions under both the NYSHRL and the NYCHRL (*see* Executive Law § 296 [6]; Administrative Code § 8-107 [6]). The NYSHRL and the NYCHRL each provide that it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden [thereunder], or to attempt to do so" (Executive Law § 296 [6]; Administrative Code § 8-107 [6]). Where a defendant provided, or attempted to provide, assistance to the individual or individuals participating in the primary violation, he or she may be found liable for aiding and abetting discriminatory conduct (*see Jews for Jesus v Jewish Community Relations Council of N.Y.*, 79 NY2d 227, 233 [1992]).

"[T]he law is clear that a supervisor need not make derogatory comments or unwelcome sexual advances to subject

himself or herself to liability under the [NYSHRL]. Rather, . . . a supervisor's failure to take adequate remedial measures can rise to the level of 'actual participation' under [the NYSHRL]" (*Lewis v Triborough Bridge & Tunnel Auth.*, 77 F Supp 2d 376, 384 [SD NY 1999] [citations omitted]). Indeed, a failure to conduct a proper and thorough investigation or to take remedial measures upon a plaintiff's complaint of discriminatory conduct is sufficient to impose liability on an aiding and abetting theory (*see Mykytyn v Hannaford Bros. Co.*, 141 AD3d 1153, 1154-1156 [2016]; *McRedmond v Sutton Place Rest. & Bar, Inc.*, 95 AD3d 671, 673 [2012]; *Matter of New York State Div. of Human Rights v Nancy Potenza Design & Bldg. Servs., Inc.*, 87 AD3d 1365, 1366 [2011]; *Feingold v New York*, 366 F3d 138, 157-158 [2d Cir 2004]; *Lewis v Triborough Bridge & Tunnel Auth.*, 77 F Supp 2d at 381).

Here, the evidence submitted by the defendants failed to demonstrate, prima facie, that Mavridopoulos and Malamis acted appropriately in response to the complaints of Karan and Peraica, respectively, and, thus, that they did not aid and abet Memmos's allegedly discriminatory conduct. While the parties' deposition testimony demonstrates that Karan and Peraica complained of unlawful conduct on the part of Memmos on at least one occasion each, Mavridopoulos and Malamis failed to respond to those complaints in accordance with the sexual harassment policy of Mediterranean, despite their awareness and understanding of the policy. Moreover, the defendants failed to submit evidence demonstrating that the actions taken by Mavridopoulos and Malamis were appropriate and sufficient. Their submissions, therefore, demonstrated that issues of fact exist as to whether any actions or remedial measures undertaken by Mavridopoulos and Malamis were adequate (*see Mykytyn v Hannaford Bros. Co.*, 141 AD3d at 1154-1156; *McRedmond v Sutton Place Rest. & Bar, Inc.*, 95 AD3d at 673; *Matter of New York State Div. of Human Rights v Nancy Potenza Design & Bldg. Servs., Inc.*, 87 AD3d at 1366; *Mitchell v TAM Equities, Inc.*, 27 AD3d 703, 707 [2006]; *Feingold v New York*, 366 F3d at 157-158; *Lewis v Triborough Bridge & Tunnel Auth.*, 77 F Supp 2d at 381).

The defendants further failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing Karan's causes of action alleging retaliation and aiding and abetting retaliation against Mavridopoulos. To establish a prima facie case of retaliation under the NYSHRL, a plaintiff has the burden of showing that "(1) [he or] she has engaged in protected activity, (2) [his or] her employer was aware that [he

or] she participated in such activity, (3) [he or] she suffered an adverse employment action based upon [his or] her activity, and (4) there is a causal connection between the protected activity and the adverse action" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 313 [2004]; *see La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d 918, 920 [2015]; *Matter of Murphy v Kirkland*, 88 AD3d 795, 796 [2011]). Pursuant to the NYCHRL, "as amended by the Restoration Act (*see* 2005 NY City Legis Ann at 528-535), a plaintiff need not establish that the alleged retaliation or discrimination 'result[ed] in an ultimate action with respect to employment . . . or in a materially adverse change in the terms and conditions of employment' so long as 'the retaliatory or discriminatory act . . . [was] reasonably likely to deter a person from engaging in protected activity'" (*Brightman v Prison Health Serv., Inc.*, 108 AD3d 739, 739 [2013], quoting Administrative Code § 8-107 [7]).

When a defendant moves for summary judgment dismissing a cause of action alleging retaliation under either the NYSHRL or the NYCHRL, "'[the] defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual'" (*La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d at 920-921, quoting *Delrio v City of New York*, 91 AD3d 900, 901 [2012]; *see Overbeck v Alpha Animal Health, P.C.*, 124 AD3d 852, 853 [2015]; *Brightman v Prison Health Serv., Inc.*, 108 AD3d at 740-741). If a defendant meets this initial burden, the plaintiff must then submit evidence sufficient to raise a triable issue of fact (*see Brightman v Prison Health Serv., Inc.*, 108 AD3d at 741; *Delrio v City of New York*, 91 AD3d at 902). Where a defendant produces "evidence that justifies [his or her] allegedly retaliatory conduct on permissible grounds . . . [t]he plaintiff must either counter the defendant's evidence by producing evidence that the reasons put forth by the defendant were merely a pretext, or show that, regardless of any legitimate motivations the defendant may have had, the defendant was motivated at least in part by an impermissible motive" (*Brightman v Prison Health Serv., Inc.*, 108 AD3d at 741; *see Delrio v City of New York*, 91 AD3d at 902).

Here, the defendants failed to meet their initial burden of demonstrating that Karan was unable to establish a prima facie case of retaliation or that there was no triable issue of fact as to whether the nonretaliatory reasons for the elimina-

tion of Karan's salary and her later termination from employment were pretextual. Contrary to their contention, their submissions demonstrated that triable issues of fact exist as to whether Mavridopoulos had the "power to do more than carry out personnel decisions made by others" (*Patrowich v Chemical Bank*, 63 NY2d 541, 542 [1984]; *see Matter of Murphy v Kirkland*, 88 AD3d at 797; *Kaiser v Raoul's Rest. Corp.*, 72 AD3d 539, 541 [2010]; *see also Griffin v Sirva Inc.*, 835 F3d 283, 291-292 [2d Cir 2016]) and, thus, may be held individually liable for the alleged retaliation. Further, their submissions demonstrated that issues of fact exist as to whether Mavridopoulos was aware of Karan's rejection of Memmos's advances shortly before her employment status was changed from a salaried, full-time employee to a commission-only independent contractor. The close temporal proximity between those events, as well as the correlation between the defendants' learning of Karan's decision to join in the instant action and Mavridopoulos' subsequent frustration of her performing of her duties under the contract and his later termination of the contract, demonstrate the necessary causal nexus between the protected activity and the retaliatory actions (*see La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d at 921; *McRedmond v Sutton Place Rest. & Bar, Inc.*, 95 AD3d at 674; *Delrio v City of New York*, 91 AD3d at 902). Indeed, no adverse employment actions occurred before Karan rebuffed Memmos's advances (*see La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d at 921). The temporal proximity between Karan's protected activities and the retaliatory actions, as well as Mavridopoulos's testimony that he believed that the pending lawsuit prevented Karan from performing her duties and he, therefore, terminated her contract, demonstrated that issues of fact exist as to whether the legitimate, nonretaliatory reasons for the challenged actions, namely Karan's poor job performance, were pretexual (*see La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d at 921-922; *Overbeck v Alpha Animal Health*, 124 AD3d at 853; *Brightman v Prison Health Serv., Inc.*, 108 AD3d at 740-741; *Delrio v City of New York*, 91 AD3d at 902).

Since the defendants failed to satisfy their initial burden on the branches of their renewed motion which were for summary judgment dismissing the causes of action alleging that Mavridopoulos and Malamis aided and abetted Memmos's sexual harassment of Karan and Peraica, respectively, and that Mavridopoulos unlawfully retaliated against Karan and aided and abetted retaliation against her, it is unnecessary to consider the sufficiency of the plaintiffs' submissions in opposition (*see La Marca-Pagano v Dr. Steven Phillips, P.C.*, 129 AD3d at 922).

Accordingly, the Supreme Court erred in granting those branches of the defendants' renewed motion which were for summary judgment dismissing Peraica's fourth and sixth causes of action insofar as asserted against Malamis, Karan's fourth and sixth causes of action insofar as asserted against Mavridopoulos, and Karan's fifth and seventh causes of action. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.