Moscatelli v Woodbury Med. Practice, P.C. (2025 NY Slip Op 04986)

Moscatelli v Woodbury Med. Practice, P.C.

2025 NY Slip Op 04986

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2024-00744
 (Index No. 723063/21)

[*1]Nicholas Moscatelli, respondent, 
v
Woodbury Medical Practice, P.C., et al., appellants, et al., defendants.

Carter Ledyard & Milburn LLP, New York, NY (A. Jonathan Trafimow and Meredith B. Spelman of counsel), for appellants Woodbury Medical Practice, P.C., and Elizabeth Sullivan.
The Neveloff Law Firm, P.C., New York, NY (Daniel I. Neveloff of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for employment discrimination on the basis of, among other things, gender in violation of the New York State Human Rights Law and the New York City Human Rights Law, the defendants Woodbury Medical Practice, P.C., and Elizabeth Sullivan appeal, and the defendant Tara Accavallo separately appeals, from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered October 16, 2023. The order, insofar as appealed from by the defendants Woodbury Medical Practice, P.C., and Elizabeth Sullivan, denied their motion, joined by the defendant Tara Accavallo, pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against the defendants Woodbury Medical Practice, P.C., and Elizabeth Sullivan. The appeal by the defendant Tara Accavallo was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Woodbury Medical Practice, P.C., and Elizabeth Sullivan which were pursuant to CPLR 3211(a) to dismiss the first, third, fourth, sixth, seventh, and eighth causes of action insofar as asserted against them, and so much of the ninth cause of action as alleged unpaid "spread-of-hours" compensation insofar as asserted against them, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from by the defendants Woodbury Medical Practice, P.C., and Elizabeth Sullivan, without costs or disbursements.
The plaintiff is a nurse practitioner formerly employed by the defendant Woodbury Medical Practice, P.C. (hereinafter Woodbury). In October 2021, the plaintiff commenced this action against Woodbury and its president, the defendant Elizabeth Sullivan, among others, asserting causes of action to recover damages for employment discrimination, hostile work environment, and retaliation in violation of the New York State Human Rights Law (NYSHRL) (Executive Law § 296) and the New York City Human Rights Law (NYCHRL) (Administrative Code of City of NY § 8-107), and to recover unpaid overtime and "spread-of-hours" compensation. The second amended complaint alleged, among other things, that, during the plaintiff's employment with Woodbury, two [*2]employees of nonparty Owl's Nest, Inc., the defendants Samuel Sutton and Caesar Truant, repeatedly made unwanted sexual advances towards the plaintiff, threatened the plaintiff with unwanted sexual contact, and questioned the plaintiff regarding his sexual preferences, and that Truant also sent the plaintiff text messages containing pornography and other unwanted graphic sexual content. The second amended complaint also alleged that, during the plaintiff's employment with Woodbury, another employee of Woodbury, the defendant Tara Accavallo, frequently told the plaintiff details about her sexual experiences. The second amended complaint further alleged that the plaintiff informed Sullivan of Accavallo's, Sutton's, and Truant's conduct in August 2018, at which time he also requested paternity leave to commence the following year, and that the plaintiff was thereafter terminated from his employment with Woodbury in advance of his next scheduled shift.
In August 2023, Woodbury and Sullivan (hereinafter together the Woodbury defendants) moved pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against them, and Accavallo joined the motion. The Woodbury defendants argued, inter alia, that the second amended complaint should be dismissed insofar as asserted against them for failure to state a cause of action. In an order entered October 16, 2023, the Supreme Court, among other things, denied the Woodbury defendants' motion. The Woodbury defendants appeal.
"'When reviewing a defendant's motion to dismiss a complaint for failure to state a cause of action, a court must give the complaint a liberal construction, accept the allegations as true and provide [the] plaintiff[ ] with the benefit of every favorable inference'" (Ayres v Bloomberg, L.P., 203 AD3d 872, 873, quoting Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38; see TV Tech Mgrs., Inc. v Cohen, 227 AD3d 838, 839). "A motion to dismiss merely addresses the adequacy of the pleading, and does not reach the substantive merits of a party's cause of action. 'Therefore, whether the pleading will later survive a motion for summary judgment, or whether the party will ultimately prevail on the claims, is not relevant on a pre-discovery motion to dismiss'" (Kaplan v New York City Dept. of Health & Mental Hygiene, 142 AD3d 1050, 1051, quoting Lieberman v Green, 139 AD3d 815, 816; accord Oluwo v Sutton, 206 AD3d 750, 752). "Dismissal under CPLR 3211(a)(7) 'is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery'" (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co. Inc., 37 NY3d 169, 175, quoting Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
Here, the Supreme Court erred in denying those branches of the Woodbury defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first and fourth causes of action, alleging hostile work environment, sexual harassment, and employment discrimination in violation of the NYSHRL and the NYCHRL, respectively, insofar as asserted against them (see Executive Law § 296[1][a]; Administrative Code of City of NY § 8-107[1][a]). Accepting the facts as alleged in the second amended complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Oluwo v Sutton, 206 AD3d at 752), the second amended complaint failed to allege that the Woodbury defendants subjected the plaintiff to a hostile work environment or otherwise condoned the conduct of Accavallo, Sutton, or Truant (see Matter of State Div. of Human Rights v St. Elizabeth's Hosp., 66 NY2d 684, 685; Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d 886), or that the Woodbury defendants subjected the plaintiff to an adverse employment action under circumstances giving rise to an inference of discrimination based on the plaintiff's membership in an enumerated protected class (see Executive Law § 296[1][a]; Administrative Code of City of NY § 8-107[1][a]; Forrest v Jewish Guild for the Blind, 3 NY3d 295; Pogil v KPMG LLP, 228 AD3d 469, 469; Elco v Aquiar, 226 AD3d 649, 650; Golston-Green v City of New York, 184 AD3d 24, 36).
The Supreme Court properly denied those branches of the Woodbury defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second and fifth causes of action, alleging retaliation in violation of the NYSHRL and the NYCHRL, respectively, insofar as asserted against them (see Executive Law § 296[7]; Administrative Code of City of NY § 8-107[7]). Contrary to the Woodbury defendants' contentions, the second amended complaint sufficiently stated causes of action against them to recover damages for retaliation by alleging that the plaintiff's [*3]employment was terminated shortly after he took a protected action by reporting the alleged discriminatory conduct to Sullivan (see Ananiadis v Mediterranean Gyros Prods., Inc., 151 AD3d 915, 917-918; Kaplan v New York City Dept. of Health and Mental Hygiene, 142 AD3d at 1051-1052).
However, the Supreme Court erred in denying those branches of the Woodbury defendants' motion which were pursuant to CPLR 3211(a) to dismiss the third and sixth causes of action, alleging aiding and abetting in violation of the NYSHRL and the NYCHRL, respectively, insofar as asserted against them (see Executive Law § 296[6]; Administrative Code of City of NY § 8-107[6]). Viewing the allegations in the second amended complaint in the light most favorable to the plaintiff, and according him the benefit of every favorable inference (see Oluwo v Sutton, 206 AD3d at 752), the second amended complaint failed to allege that the Woodbury defendants aided and abetted the alleged discriminatory conduct (see Elco v Aguiar, 226 AD3d 649; Ananiadis v Mediterranean Gyros Prods., Inc., 151 AD3d at 917-918; Mitchell v TAM Equities, Inc., 27 AD3d 703, 707). The second amended complaint also failed to contain allegations sufficient to support the seventh cause of action, alleging a violation of the NYCHRL, insofar as asserted against the Woodbury defendants (see Administrative Code of City of NY § 8-107[19]), or the eighth cause of action, alleging a violation of the NYCHRL, insofar as asserted against the Woodbury defendants (see id. § 8-107[13]; see also Melendez v New York City Tr. Auth., 204 AD3d 542, 542-543; O'Neil v Roman Catholic Diocese of Brooklyn, 98 AD3d 485, 487). Thus, the court also erred in denying those branches of the Woodbury defendants' motion which were pursuant to CPLR 3211(a) to dismiss the seventh and eighth causes of action insofar as asserted against them.
The Supreme Court properly denied that branch of the Woodbury defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the ninth cause of action as alleged unpaid overtime compensation (see Cabrera v Deadwood Constr., Inc., 226 AD3d 743, 744; Gutierrez v Bactolac Pharm., Inc., 210 AD3d 746, 747). However, the court erred in denying that branch of the Woodbury defendants' motion which was pursuant to CPLR 3211(a) to dismiss so much of the ninth cause of action as alleged unpaid "spread-of-hours" compensation, as the second amended complaint failed to allege facts sufficient to demonstrate the plaintiff's entitlement to receive spread-of-hours pay (see 12 NYCRR 146-1.6; Benitez v Bolla Operating LI Corp., 189 AD3d 970, 972).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MILLER, J.P., FORD, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court