■ VICTORIA BRIGHTMAN, Appellant, v PRISON HEALTH SERVICE, INC., et al., Respondents. [970 NYS2d 789]—

In an action, inter alia, to recover damages for unlawful retaliation in violation of Administrative Code of the City of New York § 8-107, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered August 24, 2011, as granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action insofar as asserted against the defendants Prison Health Service, Inc., and PHS Medical Service, P.C.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against, among others, the defendants Prison Health Service, Inc., and PHS Medical Service, P.C. (hereinafter together the PHS defendants). In the second cause of action asserted in the complaint, the plaintiff alleged that the PHS defendants unlawfully retaliated against her in violation of the New York City Human Rights Law (hereinafter the NYCHRL) after she made a sexual harassment complaint against a supervisor. The plaintiff alleged that the retaliation included that she was subjected to excessive demands for her professional credentials and health clearance forms and was denied opportunities to work overtime shifts.

The defendants moved for summary judgment dismissing, inter alia, the second cause of action insofar as asserted against the PHS defendants. The Supreme Court granted that branch of the defendants' motion, and the plaintiff appeals.

The NYCHRL prohibits retaliation or discrimination against individuals who have exercised their rights under the NYCHRL (*see* Administrative Code of City of NY § 8-107 [7]). Under the provisions of the NYCHRL, as amended by the Restoration Act (*see* 2005 NY City Legis Ann at 528-535), a plaintiff need not establish that the alleged retaliation or discrimination "result[ed] in an ultimate action with respect to employment . . . or in a materially adverse change in the terms and conditions of employment" so long as "the retaliatory or discriminatory act . . . [was] reasonably likely to deter a person from engaging in protected activity" (Administrative Code of City of NY § 8-107

[7]; *see Williams v New York City Hous. Auth.*, 61 AD3d 62, 70-71 [2009]). "In assessing retaliation claims that involve neither ultimate actions nor materially adverse changes in terms and conditions of employment, it is important that the assessment be made with a keen sense of workplace realities, of the fact that the 'chilling effect' of particular conduct is context-dependent, and of the fact that a jury is generally best suited to evaluate the impact of retaliatory conduct in light of those realities" (*Williams v New York City Hous. Auth.*, 61 AD3d at 71).

Although, as a matter of substantive law, this "enhanced retaliation provision" contained in the NYCHRL expanded the definition of actionable retaliatory conduct to include manifestations of retaliation which might not meet the standards under comparable state and federal law (Craig Gurian, *A Return to Eyes on the Prize: Litigating under the Restored New York City Human Rights Law*, 33 Fordham Urb LJ 255, 307, 320-322 [2006]), it did not serve to alter the procedural framework utilized in the prosecution of any action, including local, state, and federal retaliation claims brought in state courts (*see e.g. Delrio v City of New York*, 91 AD3d 900, 901 [2012]; *Williams v New York City Hous. Auth.*, 61 AD3d at 70-71).

As such, at trial, the plaintiff still bears the ultimate burden of establishing a prima facie case of retaliation under the NYCHRL. In this regard, to make out an unlawful retaliation claim under the NYCHRL, a plaintiff must show that (1) he or she engaged in a protected activity as that term is defined under the NYCHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct (*see* Administrative Code of City of NY § 8-107 [7]; *cf. Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312-313 [2004]). Once the plaintiff has met this initial burden, the burden then shifts to the defendant to present legitimate, independent, and nondiscriminatory reasons to support its actions (*see Delrio v City of New York*, 91 AD3d at 901). Then, if the defendant meets this burden, the plaintiff has the obligation to show that the reasons put forth by the defendant were merely a pretext (*see id.*; *Pace v Ogden Servs. Corp.*, 257 AD2d 101, 104 [1999]; *see also Jute v Hamilton Sundstrand Corp.*, 420 F3d 166, 173 [2d Cir 2005]).

"To establish its entitlement to summary judgment in a retaliation case, a defendant must demonstrate that the plaintiff cannot make out a prima facie claim of retaliation or, having of-

fered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issue of fact as to whether the defendant's explanations were pretextual" (*Delrio v City of New York*, 91 AD3d at 901; *see Lambert v Macy's E., Inc.*, 84 AD3d 744, 745 [2011]).

Although "a plaintiff is not required to prove his [or her] claim to defeat summary judgment" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 630 [1997] [emphasis omitted], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]), once the defendant has satisfied its initial burden, "a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (*Stukas v Streiter*, 83 AD3d 18, 24 [2011] [internal quotation marks omitted]). For instance, where a defendant on a summary judgment motion has produced evidence that justifies its allegedly retaliatory conduct on permissible grounds, "the plaintiff may not stand silent" (*Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 39 [2011]). The plaintiff must either counter the defendant's evidence by producing evidence that the reasons put forth by the defendant were merely a pretext, or show that, regardless of any legitimate motivations the defendant may have had, the defendant was motivated at least in part by an impermissible motive (*see Cenzon-Decarlo v Mount Sinai Hosp.*, 101 AD3d 924, 926 [2012]; *Bennett v Health Mgt. Sys., Inc.*, 92 AD3d at 39; *Delrio v City of New York*, 91 AD3d at 901; *Lambert v Macy's E., Inc.*, 84 AD3d at 745; *Williams v New York City Hous. Auth.*, 61 AD3d at 70-71).

Here, although the parties agree that the plaintiff engaged in a protected activity, the defendants nevertheless established their prima facie entitlement to judgment as a matter of law dismissing the second cause of action insofar as asserted against the PHS defendants by presenting nonretaliatory reasons for the challenged actions (*see Delrio v City of New York*, 91 AD3d at 901), and by otherwise demonstrating that the challenged actions could not be linked to a retaliatory motivation (*see Williams v New York City Hous. Auth.*, 61 AD3d at 71).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's unsupported assertion that the PHS defendants' nonretaliatory reasons for the challenged actions were pretextual was insufficient to raise a triable issue of fact in opposition to the defendants' prima facie showing (*see generally Forrest v Jewish Guild for the Blind*, 3 NY3d at 308 n 6, citing *Reeves v Sanderson Plumbing Products, Inc.*, 530 US 133, 148

[2000]). In addition, the plaintiff failed to raise a triable issue of fact as to whether the individuals who allegedly retaliated against her were aware that she had engaged in a protected activity (*see Bendeck v NYU Hosps. Ctr.*, 77 AD3d 552, 553 [2010]), or to demonstrate any causal nexus between her protected activity and the alleged retaliation (*compare Matter of Pace Univ. v New York City Commn. on Human Rights*, 85 NY2d 125, 129 [1995]; *Forrest v Jewish Guild for the Blind*, 3 NY3d at 314 n 13; *Baldwin v Cablevision Sys. Corp.*, 65 AD3d 961, 967 [2009]; *Ponterio v Kaye*, 25 AD3d 865, 869 [2006]).

The plaintiff's remaining contention is without merit (*see Welch v Hauck*, 18 AD3d 1096, 1098 [2005]).

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action insofar as asserted against the PHS defendants. Mastro, J.P., Austin, Cohen and Miller, JJ., concur.