■ WILLIAM S. SWAN, Respondent, v ST. JOHN'S UNIVERSITY et al., Appellants, et al., Defendants. [983 NYS2d 810]—

In an action, inter alia, to recover damages for discrimination in employment on the basis of age in violation of Executive Law § 296 and Administrative Code of the City of New York § 8-107, the defendants St. John's University, Donald J. Harrington, James P. Pellow, Mary T. Harper Hagan, Steven D. Papamarcos, and Joseph E. Oliva appeal from an order of the Supreme Court, Queens County (J. Golia, J.), dated June 27, 2012, which denied their motion for summary judgment dismissing the first through sixth causes of action.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants St. John's University, Donald J. Harrington, James P. Pellow, Mary T. Harper Hagan, Steven D. Papamarcos, and Joseph E. Oliva for summary judgment dismissing the first through sixth causes of action is granted.

The Supreme Court should have granted those branches of the appellants' motion which were for summary judgment

dismissing the first, third, and fifth causes of action, which allege age discrimination and retaliation in violation of the New York City Human Rights Law (*see* Administrative Code of City of NY § 8-107 [1] [a]; [7]). The appellants made "a prima facie showing that there is no evidentiary route that could allow a jury to believe that discrimination [or retaliation] played a role in their challenged actions" (*Reyes v Brinks Global Servs. USA, Inc.*, 112 AD3d 805, 806 [2013] [internal quotation marks omitted], *lv denied* 22 NY3d 866 [2014]; *see Brightman v Prison Health Serv., Inc.*, 108 AD3d 739, 741 [2013]; *Cenzon-Decarlo v Mount Sinai Hosp.*, 101 AD3d 924, 927 [2012]). In opposition, the plaintiff failed to raise a triable issue of fact.

For the same reasons, the Supreme Court also should have granted those branches of the appellants' motion which were for summary judgment dismissing the second, fourth, and sixth causes of action, which allege age discrimination and retaliation in violation of the New York State Human Rights Law (*see* Executive Law § 296 [1] [a], [e]; *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 305-306, 312-313 [2004]). Mastro, J.P., Leventhal, Chambers and Lott, JJ., concur.