| |
|---|
| **Berrios v Rose Assoc., Inc.** |
| 2024 NY Slip Op 34513(U) |
| December 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652417/2021 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SABRINA KRAUS**                     PART                    57M

*Justice*

------------------------------------------------------------------------------X

XAVIER BERRIOS, HAKIM SUTTON

                         Plaintiff,

               - v -

ROSE ASSOCIATES, INC.,

                      Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652417/2021 |
| MOTION DATE | 09/25/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46

were read on this motion to/for                     JUDGMENT - SUMMARY                     .

## BACKGROUND

Plaintiffs bring this action alleging defendant, the property manager for the building where they live, violated their rights under New York State Human Rights Law, New York State Executive Law, § 296 et seq. ("NYSHRL") and the New York City Human Rights Law, New York City Administrative Code § 8-107 et seq. ("NYCHRL").

The complaint asserts causes of action for discrimination and retaliation under NYSHRL and NYCHRL.

## PENDING MOTION

On October 25, 2024, Defendant moved for summary judgment and dismissal of the complaint. On November 27, 2024, the motion was fully briefed, marked submitted and the Court reserved decision. The motion is granted to the extent set forth below.

**652417/2021   BERRIOS, XAVIER ET AL vs. ROSE ASSOCIATES, INC.**
**Motion No. 001**

**Page 1 of 9**

1 of 9

## ALLEGED FACTS

Xavier Berrios ("Berrios") and Hakim Sutton ("Sutton") were tenants at a residential property located at 76 Saint Nicholas Place, managed by Defendant. In the complaint Plaintiffs allege that Berrios is a Puerto Rican man and Sutton is a Black gay man.

Angel Guerrero ("Guerrero") has worked as the superintendent for the property at 76 Saint Nicholas Place for over fifteen years and was employed by Defendant. Ceferino Dominguez ("Dominguez") was also employed by Defendant as a superintendent but at a separate location, located at 66 Saint Nicholas Place.

In June 2020, Guerrero and Dominguez approached Plaintiffs about a security camera Plaintiffs had installed, which was positioned to face the rear of the building and an alleyway. Plaintiffs asserted that they installed the security camera due to their experiences with package theft. The camera was not directed towards the inside of the building where packages were placed. Plaintiffs allege that the camera was positioned to cover a location where discarded packaging from stolen packages was discarded by package thieves.

Complaints had been raised by persons living near the area where the camera was pointed, including Oscar Rincon, an employee of the building responsible for cleaning and maintenance. The camera was placed at an entrance used exclusively for maintenance staff, mechanics, and other employees who work at the building.

After Guerrero and Dominguez, requested that Plaintiffs remove the camera, Plaintiffs refused. During this exchange, Guerrero turned to Dominguez and said "you see what kind of people this is."

Plaintiffs interpreted this comment as a reference to their race and/or sexual orientation.

652417/2021   BERRIOS, XAVIER ET AL vs. ROSE ASSOCIATES, INC.                    Page 2 of 9
Motion No.  001

2 of 9

Guerrero testified that it meant that "when things happen with these people, everything needs to be documented," referring to people who demand an explanation.

Sutton testified in his deposition that he believed the comment to be discriminatory, suggesting it reflected how maintenance issues and concerns about lost packages were not addressed. However, Plaintiffs were aware that other tenants had also complained about repairs not being completed in their apartments.

Prior to saying, in English, "you see what type of people is that," Guerrero said, in Spanish, a language in which Berrios is fluent and Sutton has a passable understanding, "I know how these people are, you have to take it serious, these people" and "I know what kind of people this is."

During his deposition, Sutton admitted that while he felt there was "something" that Guerrero and Dominguez did not like about him and Berrios, he could not specify whether Guerrero's comment was directed at race or sexual orientation.

Defendant alleges that neither Guerrero nor Dominguez were aware that Plaintiffs were significant others and that Guerrero had no knowledge of Berrios sexual orientation. Plaintiffs allege that both Guerrero and Dominguez had been in Plaintiffs' apartment prior to June 2020 well enough to understand that plaintiffs were in a relationship and sleeping in the same bed.

Sutton confirmed that, apart from the comment about "these people," he never heard Guerrero or Dominguez make any negative remarks about his sexual orientation.

Sutton's name was never on the lease.

Regarding discriminatory comments about race, Sutton could not recall Guerrero, the individual making the alleged comment at issue, making any negative remarks related to race.

During his deposition testimony, Sutton cited an instance where Dominguez allegedly made discriminatory remarks, one of which did not involve Sutton directly. Sutton claims that

652417/2021   BERRIOS, XAVIER ET AL vs. ROSE ASSOCIATES, INC.                    Page 3 of 9
Motion No. 001

3 of 9

[* 3]

during a conversation about addressing a leak coming from above, Dominguez made a comment related to race. During the conversation, there was a question of whether Dominguez visited an apartment four floors above, which was occupied by young Black women. Dominguez responded they he hadn't got in there but remarked "they are in there." Sutton interpreted Dominguez's use of "they" as referring to the Black women in the apartment because Dominguez was pointing to his own hand when he made the remark. Additionally, Dominguez used the term "negro" while Sutton was standing in the doorway. "Negro" is the word for the color black in Spanish.

On June 26, 2020, Berrios sent Adelina Abreu an email stating that Guerrero was no longer permitted to enter the apartment because of his racist and/or homophobic comment. The email did not state that Dominguez could not enter the apartment. Berrios further stated that he will not accept such behavior and he hopes that Rose Associates, Inc. will address this behavior accordingly.

Plaintiffs allege that, in the months following their complaint, they were harassed by individuals who gathered in front of and below their apartment windows, drinking, partying, and playing loud music late into the night. However, the photos produced in discovery by Plaintiffs demonstrate common behavior during the COVID pandemic and summer in New York City as it shows unidentified individuals, often with their children, simply sitting on chairs outside.

Plaintiffs allege that in March 2021, a loud party involving Rose Associates, Inc.'s employees led to a noise complaint, prompting a police response. During this incident, an unknown individual yelled up to Plaintiff's apartment, calling them the "pajaro" who called the police. Plaintiffs' allege Pajaro, which literally translated means bird, is a derogatory reference to a gay person in Dominican slang. Plaintiffs also allege that they heard phrases such as "tell that dick

652417/2021   BERRIOS, XAVIER ET AL vs. ROSE ASSOCIATES, INC.                    Page 4 of 9
Motion No.  001

4 of 9

[* 4]

sucker to go to sleep" and being called "stupid, fools, and idiots." Plaintiffs admitted that they did not know the individual who made any of these comments.

Sutton suggested that these parties were held in retaliation for their complaint. These gatherings consisted of building employees and other guests that Sutton did not know personally. Defendant alleges that Guerrero and Dominguez were not aware of parties at the building. Plaintiffs dispute this and alleges that Guerrero and Dominguez were present at some of the parties.

In April 2021, approximately 10 months after the incident where Guerrero referred to Plaintiffs as these "people," Plaintiffs allege that Dominguez repositioned a security camera to point directly into Plaintiffs' living room. The camera was repositioned due to technical issues.

Defendants allege that Guerrero and Dominguez reset the camera because it was not functioning properly, and, upon doing so, noticed it was not correctly aligned to monitor the package and mail area. They then repositioned the camera to ensure it was correctly pointing to that area. As superintendents, Guerrero and Dominguez are responsible for ensuring the camera images are functioning properly. The repositioned camera was directed at the building's mailboxes, and Berrios and Sutton's apartment was close to this area. Defendants allege that with the security camera repositioned, you could not see into Berrios' apartment. Plaintiffs allege it was pointed into Plaintiff's living room.

Defendants allege the camera adjustment was to address concerns about missing packages, a problem that had been raised by several tenants, including Berrios.

## **DISCUSSION**

To prevail on a motion for summary judgment, the movant must establish, *prima facie*, its entitlement to judgment as a matter of law, providing sufficient evidence demonstrating the absence of any triable issues of fact. CPLR 3212(b); *Matter of New York City Asbestos Litig.*, 33

652417/2021  BERRIOS, XAVIER ET AL vs. ROSE ASSOCIATES, INC.
Motion No.  001

Page 5 of 9

5 of 9

NY3d 20, 25-26 (2019). If this burden is met, the opponent must offer evidence in admissible

form demonstrating the existence of factual issues requiring a trial; "conclusions, expressions of

hope, or unsubstantiated allegations or assertions are insufficient." *Justinian Capital SPC v*

*WestLB AG*, 28 NY3d 160, 168 (2016), quoting *Gilbert Frank Corp. v Fed. Ins. Co.*, 70 NY2d

966, 967 (1988).

In deciding the motion, the evidence must be viewed in the "light most favorable to the

opponent of the motion and [the court] must give that party the benefit of every favorable

inference." *O'Brien v Port Auth. of New York and New Jersey*, 29 NY3d 27, 37 (2017).

## DISPARATE TREATMENT

Plaintiff's first cause of action alleges a violation of New York State Human Rights Law

§ 296(5) which provides that:

> (1) It shall be an unlawful discriminatory practice for the owner, lessee, sublessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation, constructed or to be constructed, or any agent or employee thereof:
>
> (2) To discriminate against any person because of ...race…sexual orientation… in the terms, conditions or privileges of the sale, rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith.

Plaintiff's third cause of action alleges a violation of New York City Human Rights Law § 8-

107(5) provides that:

> (1) It shall be an unlawful discriminatory practice for the owner, lessor, lessee, sublessee, assignee, or managing agent of, or other person having the right to sell, rent, or lease or approve the sale, rental or lease of a housing accommodation, constructed or to be constructed, or an interest therein, or any agent or employee thereof:
>
> (2) Because of the actual or perceived race, creed, color, national origin, gender, age, disability, sexual orientation, uniformed service, height, weight, marital status, partnership status, or immigration or citizenship status of any person or group of persons, or because of any lawful source of income of such person or persons, or because children are, may be or would be residing with such person or persons:

652417/2021   BERRIOS, XAVIER ET AL vs. ROSE ASSOCIATES, INC.                          Page 6 of 9
Motion No.  001

6 of 9

(3) To discriminate against any such person or persons in the terms, conditions or privileges of the sale, rental, or lease of any such housing accommodation or an interest therein or in the furnishing of facilities or services in connection therewith.

Unlawful harassment occurs when the following two elements are met: (1) the plaintiff is treated "less well" by the defendant, including its agents and employees, and (2) the treatment is caused by one or more protected characteristics. *See Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 78 (1st Dep't 2009). Both parties agree that a defendant can nonetheless avoid liability if it proves, as an affirmative defense, "that the conduct complained of consists of nothing more than what a reasonable victim of discrimination would consider 'petty slights or trivial inconveniences." *Id*.

Here, there is a single conversation stated by one superintendent when Plaintiffs refuse to remove a security camera after being asked to do so. The comment makes no specific reference to race or sexual orientation and is more akin to a "petty slight" or "trivial inconvenience."

Any further actions alleged by Plaintiffs refer to conduct that occurred after this conversation and are therefore more properly asserted under the claim of retaliation after Plaintiffs complained to management about the comments made by the Super.

Based on the foregoing, the first and third causes of action are dismissed.

## RETALIATION

To prove retaliation, a plaintiff needs to first establish a protected activity, defendant's knowledge of the protected activity, an adverse action and a causal connection between the protected activity and the adverse action. *See Fletcher v. Dakota, Inc.*, 99 A.D.3d 43, 51-52 (1st Dep't 2012). The plaintiff's burden at the *prima facie* stage is de minimis. *See Hollande Apts. & Health Club, LLC v. Bonesteel*, 173 A.D.3d 55, 69 (3d Dep't 2019). If the plaintiff presents a *prima facie* case, the burden shifts to the defendant to put forth a legitimate, non-retaliatory, reason for

**652417/2021   BERRIOS, XAVIER ET AL vs. ROSE ASSOCIATES, INC.**   **Page 7 of 9**
 Motion No.  001

7 of 9

its actions. *See Brightman v. Prison Health Serv., Inc.,* 108 A.D.3d 739, 740 (2d Dep't 2013). This then shifts the burden back to the plaintiff to show the proffered reason was pretext for retaliation "by demonstrating weaknesses, implausibilities, inconsistencies, or contradictions in the employer's proffered legitimate, non-retaliatory reasons for its action." *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 846 (2d Cir. 2013); *see also Brightman*, 108 A.D.3d at 741.

Thus, to succeed on its motion Defendant "… must demonstrate that (P)laintiff cannot make out a *prima facie* case of retaliation or, having offered legitimate, nonretaliatory reasons for the challenged actions, that there exists no triable issues of fact as to whether [its] explanations were pretextual." *Delrio v. City of New York*, 91 A.D.3d 900, 901 (2d Dep't 2012).

The Court finds Defendant has failed to meet its burden. It is undisputed that Plaintiffs engaged in a protected activity by complaining about the Super's alleged discriminatory comment. It is also not disputed that Plaintiffs had issues with repairs and services, and that this took place after the Plaintiffs complained. Defendants assert that many tenants in the building had problems with obtaining services and repairs, but this general allegation does not amount to a legitimate, non-retaliatory, reason for its actions. As such, Defendant fails to carry its burden on the remaining claims and cannot obtain summary judgment. *See Richardson v. New York State Dep't of Corr. Serv*., 180 F.3d 426, 445 (2d Cir. 1999)

WHEREFORE it is hereby:

ORDERED that the motion is granted to the extent of dismissing the first and third causes of action and is otherwise denied; and it is further

ORDERED that, within 20 days from entry of this order, Plaintiffs shall serve a copy of this order with notice of entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119);

652417/2021   BERRIOS, XAVIER ET AL vs. ROSE ASSOCIATES, INC.                    Page 8 of 9
Motion No.  001

8 of 9

[* 8]

and it is further

ORDERED that such service upon the Clerk shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh);]; and it is further

ORDERED that any relief not expressly addressed has nonetheless been considered and is hereby denied; and it is further

ORDERED that the parties appear before the Court for a virtual pre-trial conference on January 22, 2025, at 11:00 am at which time a final trial date will be set for trial before this Court.

This constitutes the decision and order of this Court.

20241219152024SBKRAUS1F71182074F34E06B6C71304739989B3

__12/19/2024__
**DATE**

**SABRINA KRAUS, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**652417/2021   BERRIOS, XAVIER ET AL vs. ROSE ASSOCIATES, INC.**
**Motion No.  001**

**Page 9 of 9**