# Rubin v Napoli Bern Ripka Shkolnik, LLP

## 2025 NY Slip Op 31772(U)

### May 16, 2025

### Supreme Court, New York County

### Docket Number: Index No. 154060/2015

### Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**                              PART                    56
                                                          *Justice*

-------------------------------------------------------------------------------X

DENISE A. RUBIN,

                      Plaintiff/Counterclaim Defendant,

                    - v -

NAPOLI BERN RIPKA SHKOLNIK, LLP, WORBY GRONER
EDELMAN & NAPOLI BERN, LLP, and NAPOLI BERN &
ASSOCIATES, LLP, and PAUL J. NAPOLI,

                    Defendants/Counterclaim Plaintiffs.

| INDEX NO. | 154060/2015 |
|---|---|
| MOTION DATE | 05/12/2025 |
| MOTION SEQ. NO. | 028 |

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------------------X

PAUL J. NAPOLI,

           Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,

           -v-

MARC BERN and ALAN RIPKA,

           Third-Party Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 028) 850, 851, 852, 853, 854, 855, 856, 857, 858, 859, 860, 861, 862, 863, 864, 865, 866

were read on this motion to/for               IN LIMINE/X-MOTION IN LIMINE       .

      This is an action to recover damages for breach of contract, to recover in quantum

meruit for professional services rendered, and to recover for retaliatory conduct allegedly in

response to the initial assertion of a sex-discrimination claim in this action, which is claimed to

be in violation of the New York City Human Rights Law (Admin Code of City of NY §§ 8-101, *et*

*seq.*; hereinafter the NYC HRL). The defendants/counterclaim plaintiffs Napoli Bern Ripka

Shkolnik, LLP, Worby Groner Edelman & Napoli Bern, LLP, and Napoli Bern & Associates, LLP

(collectively the law firm defendants), counterclaimed against the plaintiff/counterclaim

defendant, Denise A. Rubin, to recover for breach of the confidentiality provisions set forth in an

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**
**Motion No.  028**

**Page 1 of 14**

employment agreement that she had executed with one or more of them. The defendant/ counterclaim plaintiff/third-party plaintiff, Paul J. Napoli, counterclaimed against Rubin to recover for tortious interference with the limited liability partnership that he had entered into with former third-party defendant Marc Bern.[1]

The law firm defendants, together with Napoli (collectively the defendants), move in limine to preclude Rubin from adducing evidence at trial relating to other litigation between Rubin and Napoli, as well as litigation involving Vanessa Dennis, who is a former employee of one of the law firm defendants. The defendants further seek to preclude Rubin from adducing evidence at trial with respect to allegedly unrelated legal disputes involving the defendants, as well as hearsay statements, testimony allegedly mischaracterizing Napoli's alleged retaliatory actions, factual assertions that purportedly conflict with the allegations set forth in Rubin's amended complaint, and testimony concerning the finances or assets of Napoli or Bern. Rubin opposes the motion. Rubin cross-moves in limine to preclude the defendants from adducing evidence or referring to the summary dismissal of her cause of action to recover for discrimination in the terms and conditions of her employment on the basis of her sex, as initially asserted in this action, and from adducing evidence with respect to the legal fees that the defendants have incurred in prosecuting their counterclaims. She also seeks to preclude Napoli from asserting a defense to the retaliation cause of action premised upon the *Noerr-Pennington* doctrine. The defendants oppose the cross motion.

The defendants' motion is denied, without prejudice to their opportunity to raise objections, during the trial on the merits of Rubin's remaining causes of action and the defendants' counterclaims, as to the relevance or admissibility of (a) particular lawsuits involving Rubin, Napoli, Dennis, or Marie Kaiser Napoli, who is Napoli's wife and former business partner, (b) hearsay statements, and (c) the finances or assets of Napoli and Bern, but only to the extent

---

[1] In a stipulation dated June, 2019, and filed on July 18, 2019, Napoli discontinued the third-party action that he had commenced against Bern and Alan Ripka.

**154060/2015 RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**
**Motion No. 028**

Page 2 of 14

2 of 14

that the evidence concerning those finances and assets are unrelated to the merits of the *liability* aspect of the claims asserted by Rubin.[2] The cross motion is granted. The defendants thus are precluded from adducing evidence of, or referring to, both the summary dismissal of Rubin's discrimination cause of action and legal fees that the defendants have incurred in prosecuting their counterclaims. The court also concludes that the *Noerr-Pennington* defense is inapplicable to a cause of action seeking to recover for retaliation under the NYC HRL.

A blanket in limine ruling is not the proper method for excluding hearsay statements at trial. Rather, the proper remedy is to make an objection to a witness's hearsay statements or to questions that seek to elicit hearsay testimony. The court will rule on such objections as they arise during the trial, and will determine whether the question or testimony involves inadmissible hearsay, whether the declarant's hearsay statement is being offered for the truth thereof or for other reasons, or whether any such statement falls within recognized exceptions to the rule precluding hearsay. Moreover, any of Rubin's testimony that may conflict with allegations set forth in her complaint should not be precluded prior to trial. Rather, defense counsel will have ample opportunity to cross-examine her as to any inconsistencies. In addition, a motion to conform the pleadings to the proof "may be made at any time and should be liberally granted 'unless doing so results in prejudice to the nonmoving party'" (*Lakshmi Grocery & Gas, Inc. v GRJH, Inc.,* 138 AD3d 1290, 1291 [3d Dept 2016], quoting *Matter of Mogil v Building Essentials, Inc.*, 129 AD3d 1378, 1380 [3d Dept 2015]; *see* CPLR 3025[c]; *Murray v City of New York*, 43 NY2d 400, 405 [1977]; *Lewis & Clarkson v October Mtn. Broadcasting Co.*, 131 AD2d 15, 17 [3d Dept 1987]), and the defendants have not shown any prejudice or inability to contest the evidence which may underly the basis for any proposed amendment to the pleadings that Rubin might seek (*see Gonfiantini v Zino*, 184 AD2d 368, 369-370 [1st Dept 1992]).

---

[2] As explained in more detail below, if the court instructs the jury to consider whether to award punitive damages in connection with Rubin's NYC HRL cause of action, the jury finds in favor of Rubin on that cause of action, and the jury determines to award her punitive damages, the court will conduct a separate trial on the amount of punitive damages, at which evidence of the defendants' finances may be adduced.

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**                          **Page 3 of 14**
**Motion No.  028**

To the extent that any evidence might seem to "mischaracterize" Napoli's allegedly retaliatory conduct, defense counsel also will have ample opportunity, both on direct and cross examination of witnesses, and in the admission of numerous documents, to provide the jury with what Napoli deems to be the proper characterization of his conduct. In connection with that conduct, lawsuits to which Rubin was not a party, but instead involved only Napoli, Napoli's wife, the defendant law firms, or Dennis, are relevant to Napoli's own defenses, which involve, among other things, the allegedly good-faith basis that he had for engaging in much of the conduct of which Rubin is complaining. In connection therewith, and by virtue of the testimony that Napoli already has given, Napoli himself has sought to place, in context, both those lawsuits, as well his own and Rubin's conduct with respect to those lawsuits. In other words, evidence concerning the existence and nature of several of those lawsuits will afford the jury the opportunity properly to characterize Napoli's overall conduct, and whether it was or was not retaliatory.

With respect to the financial condition and assets of Napoli and Bern, the court notes that one of Rubin's causes of action is that one or more of the law firm defendants had entered into an oral agreement with her to pay her 5% of the net contingency fee that those defendants earned on any case with respect to which she provided material assistance in the prosecution thereof. Hence, it is relevant to Rubin's breach of contract claim as to the extent of the recoveries in those cases, the amounts that the law firm defendants were paid out of those recoveries, and, hence, the amounts that Napoli and Bern, as 50% partners in Napoli Bern, LLP, which was a joint venturer in the defendant Worby Groener Edelman & Napoli Bern, LLP, earned personally therefrom. Nonetheless, a "[d]efendant's wealth should not be a weapon to be used by plaintiff to enable him to induce the jury to find the defendant guilty of malice, thus entitling plaintiff to punitive damages" (*Rupert v Sellers*, 48 AD2d 265, 272 [4th Dept 1975]). Thus, to the extent that Rubin seeks to delve further into the wealth, holdings, or assets of Napoli or Bern at the trial on the merits of Rubin's causes of action, the court will entertain timely

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**
**Motion No.  028**

**Page 4 of 14**

4 of 14

objections to any attempt to employ the extent of those attorneys' wealth so as to prejudice the jury, rather than to bar outright the admissibility of financial issues.

Inasmuch as a defendant's wealth and ability to pay a judgment nonetheless *is* relevant to the amount of punitive damages that may be awarded, where applicable (*see Rupert v Sellers*, 49 AD2d at 270-272; s*ee also Hartford Acc. & Indem. Co. v Village of Hempstead*, 48 NY2d 218, 228 [1979]; *Moye v Mount Sinai Hosp*., 216 AD3d 571, 571 [1st Dept 2023]; *Suozzi v Parente*, 161 AD2d 232, 232 [1st Dept 1990]), it would be appropriate here, if the court determines to instruct the jury that it may award punitive damages, and the jury does so, for the court to reconvene the jury for a limited, separate trial to determine the amount of punitive damages that should be awarded (*see Moye v Mount Sinai Hosp*., 216 AD3d at 571; *Suozzi v Parente*, 161 AD2d at 232; *Moran v International Playtex, Inc.,* 103 AD2d 375, 377 [2d Dept 1984]; *Rupert v Sellers*, 49 AD2d at 272).  At that separate trial, evidence of the defendants' wealth would be germane and admissible.

The crux of the retaliation cause of action is that, among other things, the defendants retaliated against the plaintiff for asserting an employment-based sex discrimination claim in this action by, among other things, interfering with her business relationship with appellate attorney Brian Isaac, and making it difficult for her to obtain professional malpractice insurance.  Of critical importance to this motion and cross motion, one of the primary allegations that Rubin has made against Napoli in connection with that cause of action is that he employed the courts, via both a stand-alone lawsuit, and an allegedly frivolous counterclaim in this action, to retaliate against her for commencing this sex-discrimination action in the first instance.  In this respect, the defendants seek to invoke the *Noerr-Pennington* doctrine as a defense.  The court concludes that the defendants may not invoke the *Noerr-Pennington* doctrine as a defense to Rubin's allegations that Napoli's lawsuit and counterclaims against her constituted compensable retaliatory conduct under the NYC HRL.

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**
**Motion No.  028**

**Page 5 of 14**

[* 5]

The *Noerr-Pennington* doctrine essentially stands for the proposition that parties may not be subjected to liability for petitioning the government (*see United Mine Workers of Am. v Pennington*, 381 US 657 [1965]; *Eastern R.R. Presidents Conference v Noerr Motor Freight, Inc.*, 365 US 127 [1961]). In general, the mere filing of a civil action falls within the protection of the *Noerr-Pennington* doctrine (*see I.G. Second Generation Partners, L.P. v Reade*, 17 AD3d 206, 208 [1st Dept 2005]), as does the interposition of counterclaims in a pending action (*see Sosa v DIRECTV, Inc.*, 437 F3d 923, 933 [9th Cir 2006]; *Freeman v Lasky, Haas & Cohler*, 410 F3d 1180, 1184 [9th Cir 2005]; *Porous Media Corp. v Pall Corp.*, 186 F3d 1077, 1080 n 4 [8th Cir 1999], *affg* No. 97-2084 [ADM/AJB], 1998 US Dist LEXIS 23651, *4-8 [D Minn., Jun. 3, 1998]; *Warner v Sims Metal Mgt., Ltd.*, No. C-13-02190 WHA, 2013 US Dist LEXIS 151815, *7-8, 2013 WL 5754403, *3 [ND Cal., Oct. 21, 2013]).

As one United States District Court explained,

> "Derived from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances,' U.S. CONST. AMEND. 1, the *Noerr-Pennington* doctrine arose in relation to antitrust actions holding '"[a] party who petitions the government for redress generally is immune from antitrust liability even if there is an improper purpose or motive."' *A.D. Bedell Wholesale Co., Inc. v Philip Morris Inc.*, 263 F3d 239 (3d Cir. 2001), *cert denied*, 534 US 1081, 122 SCt 813, 151 LEd 2d 697 (2002) (quoting *Cheminor Drugs, Ltd*. v Ethyl Corp., 168 F3d 119, 122 (3d Cir 1999), *cert denied*, 528 US 871, 120 SCt 173, 145 LEd 2d 146 (1999); *see E.R.R. Presidents Conference v Noerr Motor Freight, Inc.*, 365 US 127, 138, 81 SCt 523, 5 LEd 2d 464 (1961); *Prof Real Estate Investors, Inc. v Columbia Pictures Indus., Inc.*, 508 US 49, 56, 113 SCt 1920, 123 LEd 2d 611 (1993). 'This immunity extends to persons who petition all types of government entities legislatures, administrative agencies, and courts.' *Cheminor Drugs, Ltd. v Ethyl Corp.*, 168 F3d 119, 122 (3d Cir 1999). Despite its antitrust origins, Third Circuit cases analogizing and extending *Noerr-Pennington* protections have involved disputes concerning civic or public affairs. *See, e.g., Barnes Found. v Twp. of Lower Merion*, 242 F3d 151, 159 (3d Cir 2001); *Pfizer Inc. v. Giles (In re Asbestos School Litigation),* 46 F3d 1284 (3d Cir 1994); *Brownsville Golden Age Nursing Home, Inc. v Wells,* 839 F2d 155 (3d Cir 1988)"

(*Cognizant Tech. Solutions Corp. v Franchitti*, No. 21-cv-16937, 2023 US Dist LEXIS 197654, *15, 2023 WL 7221244, *5 [D NJ, Nov. 2, 2023]). Courts, including the Appellate Division, First Department, in this very action, have recognized a general exception to the defense where a defendant commences or interposes "sham" lawsuits or counterclaims (*see Rubin v Napoli Bern*

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**              **Page 6 of 14**
**Motion No.  028**

[* 6]

6 of 14

*Ripka Shkolnik, LLP,* 228 AD3d 595, 597 [1st Dept 2024]). Hence, at the very least, the plaintiff may adduce evidence of Napoli's lawsuit against her, as well as the counterclaim that he asserted against her in this action, to permit the jury to determine if Napoli's claims therein did indeed constitute sham actions or claims.

Several federal courts, at both the appellate and trial levels, have determined that, where an employment-based sex discrimination or retaliation claim is prosecuted pursuant to Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e-1-2000e-17; hereinafter Title VII), the *Noerr-Pennington* doctrine may not be invoked as defense either to the sex discrimination cause of action or a cause of action to recover for retaliation for engaging in statutorily protected acts, such as asserting a sex discrimination claim in court. As the United States Court of Appeals for the Third Circuit explained in *Durham Life Ins. Co. v Evans* (166 F3d 139, 157 [3d Cir 1999]), "[p]ost-employment actions by an employer can constitute discrimination under Title VII if they hurt a plaintiff's employment prospects." In that case, an insurance company that had employed the defendant commenced an action against her to recover for breach of a non-competition provision in her employment agreement, and made complaints to a state insurance department about her conduct. The Third Circuit first noted that the United States Supreme Court, in *Bill Johnson's Restaurants, Inc. v National Labor Relations Bd*. (461 US 731, 741 [1983]), had applied the *Noerr-Pennington* doctrine to bar an employee's claims of retaliation under the National Labor Relations Act that had been premised upon an employer's post-termination commencement of lawsuits against that employee. The Third Circuit, however, declined to apply the *Noerr-Pennington* doctrine to an employee's retaliation claims under Title VII, explaining that the high Court's "reasoning has not been extended to Title VII, in part because the prohibition on retaliation is so explicit and the public policy behind the retaliation provision so compelling" (*Durham Life Ins. Co. v Evans*, 166 F3d at 157).

Rather, in the context of an action pursuant to Title VII, "the filing of a lawsuit may be considered a retaliatory act" (*Cognizant Tech. Solutions Corp. v Franchitti*, 2023 US Dist LEXIS

**154060/2015  RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**  **Page 7 of 14**
**Motion No.  028**

[* 7]

7 of 14

197654, *11, 2023 WL 7221244, *4, citing *Brown v TD Bank, N.A.*, 2016 US Dist LEXIS 45166, *16-17, 2016 WL 1298973, *7 [ED Pa., Apr. 4, 2016]).

> "Specifically, '[a] lawsuit no doubt may be used by an employer as a powerful instrument of coercion or retaliation' and can have a 'chilling effect. . . upon an employee's willingness to engage in protected activity.' [*Bill Johnson's Rest.*, 461 US at 740-43]. Litigation is expensive, time-consuming, and demanding. 'A reasonable worker, faced with the prospect or reality of a civil action, might well decide to abandon his charges of discrimination rather than move forward' [*Brown v TD Bank, NA.*, No. 155474, 2016 US Dist LEXIS 45166, 2016 WL 1298973, *7]"

(*Cognizant Tech. Solutions Corp. v Franchitti*, 2023 US Dist LEXIS 197654, *11-12, 2023 WL 7221244, *4; *see Lin v Rohm & Hass Co.*, 2:11-cv-3158-WY, 2014 US Dist LEXIS 51052, 2014 WL 1414304 [ED Pa., Apr. 14, 2014]). In *Lin*, the District Court, relying on *Durham Life*, and citing to both *Burlington Northern & Santa Fe Ry. v White* (548 US 53, 67 [2006]) and *Borough of Duryea, Pa. v Guarnieri* (564 US 379 [2011]), explained that

> "[t]he Third Circuit has thus signified that the interpretive lodestars of text and purpose militate toward fully including retaliatory lawsuits in Title VII's anti-retaliation cause of action

> \*\*\*\*\*

> "In light of *Durham Life* and *Duryea*, and the absence of specific authority to the contrary, I will not extend a *Noerr-Pennington*-type defense to Lin's claims under Title VII . . .. Because 'the prohibition on retaliation [in Title VII] is so explicit and the public policy behind the retaliation provision so compelling'"

(*Lin v Rohm & Hass Co.*, 2014 US Dist LEXIS 51052, *29, 32, 2014 WL 1414304, *9, 10, quoting *Durham Life Ins. Co. v Evans*, 166 F3d at 157).

Although other federal courts have come to a contrary conclusion (*see Holleman v Art Crating, Inc.*, No. 12 Civ 2719 (VMS), 2014 US Dist LEXIS 139916, *161-162, 2014 WL 4907732, *52 [ED NY, Sep. 20, 2014] [declining to reach issue, but collecting cases that both applied and did not apply the *Noerr-Pennington* doctrine to Title VII discrimination and retaliation claims]), this court agrees with the analysis of those federal courts that have declined to apply the *Noerr-Pennington* doctrine to discrimination and retaliation claims under Title VII. In light of the broad and liberal construction that must be given to the NYC HRL, this court thus concludes

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**      **Page 8 of 14**
**Motion No.  028**

that, a fortiori, the *Noerr-Pennington* doctrine should not be applied an equivalent NYC HRL retaliation claim such as Rubin's claim here.

In 2005, the New York City Council enacted the Local Civil Rights Restoration Act of 2005 to amend the NYC HRL by adding Admin Code of City of NY § 8-130(a) to the NYC HRL. That section provides that:

> "[t]he provisions of [the NYC HRL] shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York state civil and human rights law, including those laws with provisions worded comparably to the provisions of this title, have been so construed."

(*see Albunio v City of New York*, 16 NY3d 472, 477-478 [2011] ["we must construe [the anti-retaliation provisions of] Administrative Code § 8-107(7), like other provisions of the City's Human Rights Law, broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible"]; *see also Zakrzewska v The New School*, 14 NY3d 469, 479-480 [2010] [construing post-2005 version of NYC HRL so as to bar employer's right to assert a *Farrager-Ellerth* defense to a NYC HRL claim arising from sex harassment by a supervisor, which would have permitted employer to defend the claim by establishing that employee did not suffer from any other adverse employment consequences, employer took steps to prevent further harassment, and/or employee did not avail herself of preventative or corrective opportunities provided by employer]).

The NYC HRL prohibits retaliation against an employee for opposing discriminatory practices (*see* Admin Code of City of NY §§ 8-107[1], [7]).  Admin Code of City of NY § 8-107(7) provides, in relevant part, that

> "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has . . .commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter . . . . The retaliation or discrimination complained of under this subdivision need not result in an ultimate action with respect to employment, . . . or in a materially adverse change in the terms and conditions of employment,  . . . provided, however, that the retaliatory or discriminatory act or

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**
**Motion No.  028**

**Page 9 of 14**

9 of 14

acts complained of must be reasonably likely to deter a person from engaging in protected activity."

Hence, "'to make out an unlawful retaliation claim under the NYCHRL, a plaintiff must show that (1) he or she engaged in a protected activity as that term is defined under the NYCHRL, (2) his or her employer was aware that he or she participated in such activity, (3) his or her employer engaged in conduct which was reasonably likely to deter a person from engaging in that protected activity, and (4) there is a causal connection between the protected activity and the alleged retaliatory conduct'" (*Sanderson-Burgess v City of New York*, 173 AD3d 1233, 1235-1236 [2d Dept 2019], quoting *Brightman v Prison Health Serv., Inc.*, 108 AD3d 739, 740 [2d Dept 2013]; *see Bilitch v New York City Health & Hosps. Corp.*, 194 AD3d 999, 1004 [2d Dept 2021]).  Retaliatory conduct within the meaning of the NYC HRL includes, but is not limited to, termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, a change in the hours of work or geographical assignments, being shunned or excluded from meetings, and being transferred to a less desirable job (*see Golston-Green v City of New York*, 184 AD3d 24, 37-38 [2d Dept 2020]; *see also Albunio v City of New York*, 16 NY3d at 476).

Crucially,

> "as a matter of substantive law, this 'enhanced retaliation provision' contained in the NYCHRL expanded the definition of actionable retaliatory conduct to include manifestations of retaliation which might not meet the standards under comparable state and federal law (Craig Gurian, A Return to Eyes on the Prize: Litigating under the Restored New York City Human Rights Law, 33 Fordham Urb LJ 255, 307, 320-322 [2006])"

(*Brightman v Prison Health Serv., Inc.*, 108 AD3d at 740).  Thus, the rule by which liability is determined under the NYC HRL is simply the "existence of adverse differential treatment," and, in the context of retaliation claims, the "City Council expressly provided that '[t]he retaliation or discrimination complained of . . . need not result in . . . a materially adverse change in the terms and conditions of employment' so long as the retaliatory or discriminatory acts complained of

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**                    **Page 10 of 14**
**Motion No.  028**

10 of 14

are reasonably likely to deter a person from engaging in the protected activity" (*Golston-Green v City of New York*, 184 AD3d at 138, quoting Admin Code of City of NY § 8-107[7]).

Under the NYC HRL, as well as under Title VII and the New York State Human Rights Law (Executive Law §§ 290, *et seq*.), "[t]o prove participation in a protected activity, a plaintiff need not establish that the conduct about which she complained in fact violated the law, but the plaintiff must demonstrate that she had a 'good faith, reasonable belief that the underlying challenged actions of the employer violated the law'" (*Silberfeld v ABC Carpet Co., Inc.,* 2010 NY Slip Op 30846[U], *18, 2010 NY Misc LEXIS 1703, *19-20 [Sup Ct, N.Y. County, Mar. 25, 2010], quoting *Manoharan v Columbia Univ. College of Physicians & Surgeons*, 842 F2d 590, 593 [2d Cir 1988]). "'The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances'" (*Silberfeld v ABC Carpet Co., Inc.,* 2010 NY Slip Op 30846[U], *18, 2010 NY Misc LEXIS 1703, *20, quoting *Galdieri-Ambrosini v National Realty & Dev. Corp.,* 136 F3d 276, 292 [2d Cir 1998]).

> "Where a defendant produces evidence that justifies [his or her] allegedly retaliatory conduct on permissible grounds . . . [t]he plaintiff must either counter the defendant's evidence by producing evidence that the reasons put forth by the defendant were merely a pretext, or show that, regardless of any legitimate motivations the defendant may have had, the defendant was motivated at least in part by an impermissible motive"

(*Bilitch v New York City Health & Hosps. Corp*., 194 AD3d at 1004-1005 [citations and internal quotation marks omitted]; *see Reichman v City of New York,* 179 AD3d 1115, 1120 [2d Dept 2020]; *Brightman v Prison Health Serv., Inc.,* 108 AD3d at 741; *cf. Jacobs v Schulhof*, 2017 NY Slip Op 31768[U], 2017 NY Misc LEXIS 3156 [Sup Ct, N.Y. County, Aug. 22, 2017] [applying the *Noerr-Pennington* doctrine to bar claims under the New York *State* Human Rights Law that alleged that employer engaged in an adverse retaliatory employment action by commencing a lawsuit against the plaintiff]).

In light of the foregoing, evidence of Napoli's commencement of a separate action against Rubin, as well as his interposition of a counterclaim against Rubin in this action alleging

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**
**Motion No.  028**

Page 11 of 14

11 of 14

tortious interference with his partnership, may be presented to the jury as evidence of retaliatory conduct barred by the NYC HRL, regardless of whether that action or those counterclaims can be characterized as "sham" claims. Nonetheless, even where federal courts have not expressly applied the *Noerr-Pennington* doctrine, most of the courts that have addressed the issue have determined that, in order to form the basis for an employment-related retaliation claim, the party claiming retaliation must still establish that an employer's counterclaim was objectively baseless or brought in bad faith to deter claimants from exercising their rights (*see Castro-Jaques v Lang-Nelson Assocs., Inc.*, No. 18-cv-3376 (PAM/LIB), 2020 US Dist LEXIS 268649, *17-19, 2020 WL 1360993, *7 [D Minn., Jan. 2, 2020]; *Melendez v Poy Loung DC Grp., LLC*, No. 17-cv-370 (CKK), 2018 US Dist LEXIS 165996, *36, 2018 WL 4637007, *12 [D DC, Sept. 27, 2018]; *Simpson v Saggezza, Inc.,* No. 17-cv-04165, 2018 US Dist LEXIS 133740, *16-17, 2018 WL 3753431, *6 [ND Ill., Aug. 8, 2018]; *Robillard v Opal Labs, Inc.*, 337 F Supp 3d 962, 972 [D Or. 2018]; *Obester v Lucas Assocs., Inc.*, No. 1:08-cv-3491-MHS/AJB, 2009 US Dist LEXIS 136129, *6-7. 2009 WL 10665749, *3 [ND Ga., Jun. 5, 2009]; *Munroe v PartsBase, Inc.*, No. 08-80431-CIV, 2009 US Dist LEXIS 15801, *22-24. 2009 WL 413721, *8 [SD Fla., Feb. 18, 2009]; *see also Davis v Fenton*, No. 13 C 3224, 2016 US Dist LEXIS 50145, *22-23, 2016 WL 1529899, *7 [ND Ill., Apr. 13, 2016], *affd* 857 F3d 961 [7th Cir 2017] [action to recover for retaliation under federal Fair Housing Act, 42 USC § 3617]; *Flores v Mamma Lombardis of Holbrook, Inc.*, 942 F Supp 2d 274, 279 [ED NY 2013]).

Hence, Rubin is not precluded from demonstrating that Napoli's action against her or his counterclaims here lacked merit, were asserted in bad faith, were baseless, were frivolous, or were indeed "sham," should she elect to do so.

The facts underlying the commencement of all of the other lawsuits involving Rubin, Napoli, Dennis, and Napoli's wife are relevant to the jury's assessment of whether Napoli's lawsuit and counterclaims against Rubin were, indeed, retaliatory actions that are compensable under the NYC HRL.

**154060/2015 RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,** **Page 12 of 14**
**Motion No. 028**

[* 12]

12 of 14

The defendants' remaining contentions are without merit.

Accordingly, it is,

ORDERED that the motion in limine of Napoli Bern Ripka Shkolnik, LLP, Worby Groner Edelman & Napoli Bern, LLP, Napoli Bern & Associates, LLP, and Paul J. Napoli is denied, without prejudice to their opportunity to raise objections during trial as to the relevance or admissibility of particular lawsuits involving Denie A. Rubin, Paul J. Napoli, Vanessa Dennis, or Marie Kaiser Napoli, hearsay statements, and the finances or assets of Paul J. Napoli and Marc Bern, but only to the extent that those finances and assets are unrelated to the merits of the liability aspect of the claims asserted in this action by Denise A. Rubin; and it is further,

ORDERED that the cross motion in limine of Denise A. Rubin is granted, and Napoli Bern Ripka Shkolnik, LLP, Worby Groner Edelman & Napoli Bern, LLP, Napoli Bern & Associates, LLP, and Paul J. Napoli are precluded from adducing evidence at trial, or referring at trial, to the summary dismissal, in this action, of Denise A. Rubin's cause of action alleging discrimination in the terms and conditions of her employment, and from adducing evidence of the legal fees that they have incurred in prosecuting their counterclaims; and it is further,

ORDERED that Napoli Bern Ripka Shkolnik, LLP, Worby Groner Edelman & Napoli Bern, LLP, Napoli Bern & Associates, LLP, and Paul J. Napoli are precluded from asserting a defense premised on the *Noerr-Pennington* doctrine; and it is further,

ORDERED that, on the court's own motion, the caption of the action is amended to delete the portion thereof referable to the third-party action, and the caption thereupon shall read as follows:

----------------------------------------------------------------------------------------X

DENISE A. RUBIN,

Plaintiff/Counterclaim Defendant,

v

NAPOLI BERN RIPKA SHKOLNIK, LLP, WORBY GRONER EDELMAN

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**
**Motion No.  028**

**Page 13 of 14**

13 of 14

& NAPOLI BERN, LLP, and NAPOLI BERN & ASSOCIATES, LLP,
and PAUL J. NAPOLI,

Defendants/Counterclaim Plaintiffs.

-----------------------------------------------------------------------------------------------x

and it is further,

ORDERED that, within 5 days of the entry of this decision and order, the defendant/ counterclaim plaintiff Paul J. Napoli shall serve a copy of this decision and order upon both the County Clerk and the Clerk of the General Clerk's Office, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, and, to comply with those procedures, Paul J. Napoli shall (1) upload the decision and order to the NYSCEF system under document title "SERVICE ON SUPREME COURT CLERK (GENL CLERK) W/COPY OF ORDER" *AND* (2) separately file and upload the notice required by CPLR 8019(c) in a completed Form EF-22, along with a copy of the decision and order, under document title "NOTICE TO COUNTY CLERK CPLR 8019(C)," and the County Clerk and all appropriate court support offices shall thereupon amend the court records accordingly.

This constitutes the Decision and Order of the court.

| 5/16/2025 | | |
|---|---|---|
| DATE | | JOHN J. KELLEY, J.S.C. |

| MOTION: | ☐ CASE DISPOSED | ☐ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED  ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |
| CROSS MOTION: | ☐ CASE DISPOSED | ☐ NON-FINAL DISPOSITION | |
| | ☐ GRANTED  ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**154060/2015   RUBIN, DENISE A vs. NAPOLI BERN RIPKA SHKOLNIC,**
**Motion No.  028**

**Page 14 of 14**

[* 14]

14 of 14